The cause stood over to this term, when the opinion of the Court was delivered as follows by
Parsons, C. J.
[After reciting the facts.] How far is the defendant chargeable on the charter-party? is the first question. And it seems very clear that he must pay one fourth of the outfits and expenses, and also of the wages until the outward cargo was landed at Demerara. *The other wages would [*254] have been lost by the wreck, had not sufficient been saved to pay them. They are then a charge on the property saved in the nature of expenses towards the salvage.
If the employment of the brig described in the charter-party may be considered as two distinct voyages, one out, and the other home, the defendant might be holden to pay freight out, according to the time the vessel was employed during the outward voyage, to be computed by the terms of the charter-party (1).
*194 The charter-party, in this case, will not admit of a construction that two distinct voyages were contemplated by the parties. It does not mention an outward, as distinct from a homeward voyage, but speaks only of one voyage, to be commenced on her sailing from Biddeford, and to be completed on her return thither, or to some other agreed port of discharge. It is not uncommon to contemplate two voyages in the charter-party, out and home; but one entire voyage, out and home, may be agreed upon by the parties. In the former case the freight may be due, although the vessel be lost on the return voyage. In the present case, but one voyage is described, and no hire is to be paid but on the completion of it. It was not completed, and no hire can be demanded by force of the charter-party (2)
(a).
The next point for our consideration is, whether, on the facts stated, the defendant may be considered as receiving at Eastham so much of his fourth part of the cargo as was saved; and if he may be so considered, whether the plaintiffs are entitled to any, and if to any, to what freight.
The charter-party provides for a successful voyage, and no agreement is made in case of an eventual misfortune. But it is a general rule of the marine law, if the ship be wrecked in the [* 255 ] voyage, that when goods are * saved and delivered to the owner with his assent, he shall pay freight for them pro rata itineris peracti (b). If there are no express stipulations in the charter-party excluding this rule of the marine law, it ought to have effect, and oblige the party receiving his goods to pay a proportional freight; in the same manner as he would be held to pay the full freight, if the master had hired another ship, and transported and delivered the goods at the port of delivery originally agreed upon. The charter-party, in the present case, does not exclude the operation of the marine law, which, therefore, ought to oblige the parties.
The plaintiffs acted as agents for the defendant: he might have disavowed the agency, and by refusing to receive the goods, he might have avoided any charge of freight. But he did receive the goods transported to Biddeford, and thereby confirmed the agency of the plaintiffs.
But he is not to be considered as receiving the goods on board the *195 wreck, but must be holden to have received them by his agents when they were brought on shore and landed at Eastham. He must therefore pay the freight for his own goods from Demerara to Eastham, in proportion as the part of the voyage from Demerara to Eastham is to the voyage from Demerara to Biddeford. We do not mean the proportion in time of sailing, as was determined in the case of Luke fy al. vs. Lyde (3), but the proportion in the respective rates of freight, so that the defendant may eventually pay according to the benefit he has actually received, which is the principle on which the marine law is founded. In this case, let the average time that would be employed by the brig after her outward cargo was discharged at Demerara to her arrival at Biddeford, if she had not been wrecked, be ascertained, and the freight for this * voyage [ * 256 ] is to be computed by the terms of the charter-party at the rate of two dollars and one eighth per month. From this sum must be deducted the expense of the freight or transportation of the goods from Eastham to Boston and Biddeford, and the remainder is a charge on the defendant.
On this principle, the master receives the same freight that he would have received, if he had himself furnished another vessel at his own expense to transport the defendant’s goods to the destined port of delivery. And so far as the defendant is benefited by the transportation of the goods from Demerara to Eastham, so far he shall pay the freight.
This demand for a pro rata freight, adjusted on these principles, is a reasonable one ; but the rule adopted in the case of Luke & al vs. Lyde, is manifestly unjust; for it is in that case admitted that the expense of freight to the destined port from the port where the freighter received the goods was as great as from the shipping port, so that he received no benefit from the proportion of the transportation, for which freight was demanded of him (a).
If the goods had been shipped at Demerara for Biddeford on a freight there stipulated, from the amount of the freight thus stipulated, the expenses of the freight from Eastham to Biddeford should be *196 deducted. But in this case we have recourse to the charter-party, because the rate of freight is there agreed, and probably at a less rate, as the defendant was to become interested in the voyage, and to pay one fourth of the outfits, expenses and wages; and as he is bound by this agreement, he ought to have the benefit in a reduced rate of freight.
In the application of this rule, we have supposed that the brig had on her return a full cargo, and that the whole of the fourth part was delivered to the defendant at Eastham, either sound or damaged.
But it appears from the case that a part of the cargo [ * 257 ] was totally lost, * and if the brig was deficient in her lading, a proportional deduction ought to be made, not only for a fourth part of the loss, but also of a fourth part of the deficiency; for the hire agreed by the charter-party was for a full lading, or for such a cargo in bulk as was usually imported from Demerara.
Another point submitted is, what proportion of the expense of the salvage, and of the transportation to Biddeford or Boston, the defendant ought to pay.
From the facts in this case we are satisfied that the defendant is not obliged to pay any part of the expenses of landing the cargo at Eastham, nor any part of the seamen’s wages accruing after the discharge of the outward cargo at Demerara. These are all a charge on the freight of the goods saved and received by the freighter, and must be borne by the owners of the brig, who must look to the freight for their indemnity. As to the subsequent charges of transportation from Eastham, the defendant must pay the expense of transporting his own goods. The voyage was then terminated, and, upon this point it is not material, after he received his goods, whether they were taken from the brig, or whether he purchased them at Eastham.
Upon these principles let the rule of reference be made.

 Mackrell vs. Simonds & Hankey, Abbott, 209.

 Byrne & al. vs. Pattinson, Abbott, 211.

а) Blanchard vs. Buckman, 3 Greenl. 1. — Storer vs. Gordon, 3 M. & S. 308. — Gibbon vs. Mendez, 2 B. & A. 17. — Barker vs. Cheriot, 2 Johns. 352. — Scott vs. Libbey, 2 John. 336. — Byrne vs. Pattison, Abbott, 5th Ed. 333, 334. — Brown vs. Hunt, 11 Mass. 45, 3d Ed. and notes. — Locke vs. Swan, 13 Mass. 76. — Holt, Ship. 2d. Ed.. 351. 431. 447. —Platt. Con. 83.

 Clark vs. Mass. F. & M. Ins. Co. 2 Pick. 104. — Amroyd vs. Union Ins. Co 3 Binn. 437.

 2 Burr. 882.

 Vide Abbott, Ship. 4th Am. from 5th Lond. Ed. p. 329. n. 1, and the cases there cited by Mr. Justice Story. — Dorr vs. New England M. I. Co. 4 Mass. 221. 231.— United Ins. Co. vs. Lenox, 1 Johns. Cos. 377. 2 Johns. Cas. 442. — Williams vs. Smith, 2 Caines's R. 13. — Robinson vs. Marine Ins. Co. 2 Johns. 323. — Scott vs. Libby, 2 Johns. 336. — Post vs. Robertson, 1 Johns. R. 24. — Mar. Ins. Co. vs. United Ins. Co. 9 Johns. 186. — Welch vs. Hicks, 6 Cowen, 504. — Center vs. Am. Ins. Co. 7 Cow 564. — Hooe vs. Mason, 1 Wash. Virg. R. 207. — Pinto vs. Atwater, 1 Day, 193. — Portland Bank vs. Stubbs, 6 Mass. 420 — 427.—Histin vs. Union Ins. Co. 1 Wash. C. C. R. 530. — Collendar vs. Ins. Co. N. Am. 5 Binn. 525. — Grey vs. Waln, 2 Serg. & R. 229. — Care vs Baltimore Ins. Co. 7 Cranch, 358. — Catlett vs. Columb. Ins. Co. 12 Wheat. 383. — San paya vs. Salter, 1 Mas. 43. — Griggs vs. Austin, 3 Pick. 20.