Sewall, C. J.,
pronounced the judgment of the Court.
It is not disputed that, where an outward voyage and a homeward voyage are spoken of in a contract as distinct, there the freight becomes due upon the performance of each voyage. It would, however, be unreasonable to suppose this construction to be restricted to the particular expressions and' case of an outward and homeward voyage. Any other expressions, descriptive of a voyage or adventure consisting of several distinct and separate passages or voyages, are within the same reason, and seem to be governed by the same rule ; or rather, in the case of more than two passages or voyages, we are- led more forcibly to distinguish them, and the description of them has peculiarly that effect.
In the ancient case of Bright vs. Cowper, cited by Abbot, it is stated, although it seems not to have been the point decided, that, if a ship be freighted out and in, there arises [ * 48 ] * nothing due for freight until the whole voyage be performed ; and if the ship perish coming home, the freight outwards, as well as inwards, becomes lost. Supposing a contract by the run or great, as it is sometimes expressed, this would be true, and is according to the subsequent decisions, although contrary to the rules of the civil law, which admits an apportionment of the contract.
The case of Post vs. Robinson, decided in New York, was of a vessel hired for a specific sum for the voyage.
The case of Mackrell vs. Simon & Hankey more resembles the case at bar. The hiring, in that case, was by the month, from London to Plymouth and the Island of Grenada, and from thence back to London, with a covenant, in such outward and homeward voyage, to load and unload all lawful goods. In an action of covenant on this charter-party, the vessel having been lost when returning on the homeward voyage, after having performed the voyage to Grenada, the plaintiff recovered his freight for the outward voyage, (a)
This was reasonable and equitable, and fully warrants a decision *51 in the case at bar for the plaintiff, as to all the passages or voyages which were performed. The hire is to be paid when the ship earns freight; and for goods shipped for each distinct passage mentioned in the charter-party, as from Boston to Savannah, from Savannah to the West Indies, from thence to Savannah, and from thence to Boston, the hirers might have been entitled to freight. When that is the case, there must be some very distinct expression, to avoid the presumption thence arising that the hire is to be paid in the same manner, or becomes due, although a different time and place be appointed for the payment.
In the decision of Byrne & Al. vs. Pattinson, cited in the arguments for the defendants, the hiring was by the month, and several passages are distinctly stated. But the mode of payment is remarkable. A part was in advance, a part abroad, and the balance is expressly stated to become due and to be paid at the completion of the return voyage, in good bills, &c. Lord Kenyon decides particularly upon * the expression, becomes due at [ * 49 ] the return of the vessel; and in that case it was adjudged that the balance never became due, the ship having been lost in the homeward voyage.
The case at bar is upon a different footing. Distinct passages are mentioned. Nothing is said when the freight, to be reckoned per ton per month, is to be considered as earned and due. Nor is there any thing in this contract to prevent the analogy between this case and the common cases of goods carried on freight; or to prevent.. in its construction, an application of the ordinary rules of the marine law. The amount per month for the hire is to be paid at the return of the vessel. The hirer is prevented by an inevitable accident, á peril excepted in the contract, from performing his contract to return the vessel to the owners; and the same event, which excuses him in this particular, determines the time when the freight money becomes payable, which had before been earned and become due.
The case of Coffin vs. Storer, decided by this Court, and relied on in the argument for the defendant, is distinguishable from the case at bar. In effect, there, the freight was paid pro rata itineris, although not considered due immediately on the charter-party. The hiring in that case was for a voyage out and home, but so expressed as not to be distinguishable as two voyages. The hiring, reckoned by the month, was to be paid on the completion of the voyage. By the contract, the defendant was a partner in the voyage, the vessel being at the risk of the plaintiff for the whole voyage; which is equivalent to an agreement to risk the freight the defendant paying outfits and expenses.
*52 Upon the whole, the same principle and rule of decision was recognized in that case as governs us in this. .We think this a case where the rule of distinct voyages applies. And although the vessel was not returned to the owner, and the last voyage, commenced at Savannah, was never performed, yet, for the [ *50 ] previous employment of the vessel, to the *time of her last discharge at Savannah, the freight is due; that is, to the 23d of June, when the amount due was 1143 dollars 59 cents, for which sum, with costs, the plaintiff is entitled to judgment (a)

 In this case, Lord Mansfield, in delivering the judgment of the court, seems to Have laid peculiar stress on the words “ outward and homeward voyage,” in the charter-party, as indicative of an intent to consider them as two distinct voyages.—Abboti Shipping, 335.

 Lock vs. Swan, 13 Mass. Rep. 76. — But see Blanchard vs. Buckman, 3 Greenl. 1.— Coffin vs. Storer, 5 Mass. Rep. 252. — Storer vs. Gordon & Al. 3 M. & S. 308. — Gibbon, vs. Mendez, 2 B. & A. 17. — Barker vs. Cheriot, 2 Johns. 352. — Scott vs. Libbey, 2 Johns. 336. — Byrne vs. Pattinson, Abbot, 5th ed. 333, 334. — Holt, 2d ed. 351, 431, 447. — Platt. Cov. 83.