Parker, C. J.,
delivered the opinion of the Court. Upon the *69 covenants in this charter-party, taken strictly according to the true import and meaning of the words, and without regard to the marine law, the plaintiff would be entitled to recover for the hire of his vessel down to the time of her capture ; for, until that time, she was, in the words of the covenant, in the employment of the defendant. The stipulation, that the hire was to be paid in thirty days after her arrival at her port of discharge, would be construed to limit the time of payment only ; but would not operate to render it contingent whether any thing should be due or not. This was settled in the case of Brown vs. Hunt, cited in the argument.
But the marine law is let in to regulate this contract, and to affect the rights of the parties equitably, according to the beneficial use of the subject for which hire is to be paid. By that law, the contract is divisible, and the owner is to be paid, in case of capture or other destruction of the property, for so much of the term only as the vessel shall appear to have been earning profit for the hirer. The rule which seems to have been adopted is, that, where the voyage may be considered to be divided into an outward and a homeward voyage, they shall be deemed two voyages ; and, in case of a dissolution of the contract by an unavoidable peril on the homeward voyage, the hire for the outward voyage shall be paid. This rule is also applicable to seamen’s wages, as well as to contracts of * affreightment; and it is probably the best general rule which could be established; although its application may not do exact justice in each particular case. When the outward voyage is completed, the freighter may remit the proceeds by bills of exchange or otherwise ; and he frequently does so, without regard to the homeward voyage. If he chooses to ship the proceeds, he may be considered as engaging in a new adventure, the risks of which he voluntarily incurs.
It is objected, that the voyage, in this case, was but one entire voyage ; because the vessel was to coast along the shore and islands, and there was no one place at which she was to discharge her outward cargo and take on board one for her return. But, if this were true, it would not help the defendant; for, in that case, according to the contract, he would be liable to pay until the capture. The voyage out, however, is considered to have ended at Prince Island, that being the place where she took in the last of her cargo, and from which she departed for home. The hire is due up to half the time of her stay at that place.
With respect to the claim of the plaintiff to salvage, on account of the gold dust brought from Halifax, we think he must fail : because it has no relation to this contract. The article was brought home ay the master in another vessel. It must be considered as lost *70 by the capture, and recovered by the master by an act of his own wholly independent of the contract which is the subject of this action.

Defendant defaulted.

[See Griggs & al. vs. Austin & al., 3 Pick. 20; Abbott on Shipping (Story's ed.), 239, note 1. —Ed.]