#Vast Ness, J.,
delivered the opinion of the court. Whether here were not two distinct voyages, one out, and the other home, or not, is a question not necessary- to be decided. The terms of this charter party are a little peculiar, and I am not prepared to say, that if the cargo had been delivered at Pernambuco, that the outward freight would not have been earned, in case the vessel had never arrived at New-York. But the cargo lias not been delivered there, and the outward freight, therefore, admitting the voyage to be divisible, has not been earned. The stipulation, however, that the freight, payable on delivery of the return cargo, or arrival of the vessel at New- York, has been supposed, under the facts in this case, to give the plaintiff a right to recover the freight home. This is not the true construction of the contract, which clearly contemplates, that the freight home shall be payable only, in case the voyage out shall have been performed. The freight back is payable on the voyage from the port of destination, and after her arrival and delivery of the outward cargo there. The parties, probably, had in view the contingency, that no return cargo might be obtained, and for that reason the payment of the 1,400 dollars at Netv- York was made to depend upon the happening of one of two events, viz. the delivery of a cargo to be shipped, at Pernambuco, if one should be procured, and if no such cargo was shipped, then on the arrival of the vessel at JSew- York. The freight, stipulated to be paid by the charter party, depended upon the performance of the voyage, and was a condition precedent to the freight being payable, and this condition not having been performed, the freight cannot be recovered.
With respect to the right to recover damages on the third count, the case of Smith v. Wilson, (8 East, 443.) is in point. The defendant had a right to abandon the cargo on its arrival at New- York, and the charter was made with reference to that right. The defendant has lost the expected profit of the voyage, and the plaintiffs have lost their freight, by one of those contingencies to which all commercial adventures are subject.
Judgment for the defendant.