The opinion of the court was delivered at the March term, 1850.
Fletcher, J.
This suit is brought by the owners of the vessel, to recover for the charter or freight of the vessel from Wilmington, North Carolina, to- cape Haytien, and for thirteen days’ demurrage at that place. The first question presented is, whether or not the plaintiff, the owner, can recover *21 upon the charter-party, for the freight of the cargo from Wilmington to cape Haytien, and delivering it there; the vessel having been lost on the voyage from cape Haytien to Boston, and never having reached Boston, the place at which the employment of the vessel, as described in the charter-party, was to terminate. If the charter-party describes two separate and distinct voyages, an outward voyage and a homeward voyage, then as the outward voyage to cape Haytien was completed, the freight was earned for that voyage, and the plaintiff is entitled to recover, though the vessel was lost on the homeward voyage to Boston, and before this latter voyage was completed. But if the charter-party describes but one entire voyage, out and home, to be completed on the return of the brig to Boston, then as the brig was lost and never returned to Boston, the voyage was never completed, and of course the freight was not earned, and the plaintiff cannot recover the freight claimed in this suit.
It is undoubtedly a well-settled principle and rule of decision, in cases of this description, that if one entire whole voyage, or whole service, is stipulated for in the charter-party, the ship-owner cannot sue on the charter-party, unless the whole voyage or whole service is performed. Individual cases, as they arise, are determined by the application of the general rule or principle to the stipulations and provisions of the contract in each particular case. In the case of Brown v. Hunt, 11 Mass. 45, which was relied on by the counsel for the plaintiff, the general principle of law, as before stated, was adopted; but the court thought, that upon the terms and provisions of the charter-party, that was a case of separate and distinct voyages, and of course that the plaintiff was entitled to recover freight up to the conclusion of a particular passage of the ship. So in the case of Locke v. Swan, 13 Mass. 76, also relied on by the plaintiff’s counsel, the same general principle of law is fully recognized; but the court thought that the voyage described in the charter-party was divisible, and that the freight up to a certain period might be recovered. In these cases, the terms of the charter-parties differed widely from the terms of the contract in the present case, and no new rule dr principle *22 of decision was disclosed; bat, in both, the settled general principle of law is adopted, and the cases are therefore important, in reference to the one now under consideration, only so far as they may aid in putting a construction upon the charter-party now under consideration. In the case of Coffin v. Storer, 5 Mass. 252, where a ship was chartered on a voyage from Biddeford to Surinam and a market, and back to Biddeford, and being wrecked on her homeward passage, it was held, that no freight could be earned, under the charter-party, for the voyage was an entire voyage, and the hire was payable only on the completion of the voyage. Decisions similar to the last were made in the following, among other cases, namely, Barker v. Cheriot, 2 Johns. 352; Scott v. Libby, 2 Johns. 336; Liddard v. Lopes, 10 East, 526; Penoyer v. Hallett, 15 Johns. 332; Burrill v. Cleeman, 17 Johns. 72; Hamilton v. Warfield, 2 Gill & J. 482; Blanchard v. Bucknam, 3 Greenl. 1. But it is not necessary to examine particularly these decisions, as they rest upon constructions of the charter-parties, upon which the suits were respectively founded. The question now to be settled is, what is the true and correct construction of the charter-party in the present case. The terms of the instrument are, that the plaintiff agrees on the freighting and chartering of the vessel, for a voyage from Boston to Wilmington, North Carolina, and from thence to cape Haytien, in the Island of Hayti, and from thence back to Boston. Here the employment of the vessel is in terms declared to be for a single voyage, and there is nothing indicating in the slightest manner distinct voyages. One entire round voyage, beginning and ending at Boston, is expressly agreed on. So also, in regard to compensation: the defendants agree to pay for the charter or freight of the vessel, “ during the voyage aforesaid,” fifteen hundred dollars. Here is one entire gross sum to be paid for one entire voyage. The provision for paying the master at Hayti what he might want for the disbursements of the vessel, cannot affect the construction of the instrument. The charter-party, therefore, in the present case, being for one entire voyage out and home, and the vessel being lost while on her return home, the plaintiff is not entitled to recover for the portion of freight claimed in this suit.
*23 In regard to the claim for demurrage, it does not appear, that the vessel was delayed by the default of the defendants, in which case only the defendants were by the charter-party made liable for demurrage. When the vessel arrived at cape Haytien, there being sickness on board, she was moved by the proper authority from her anchorage and put into quarantine. The consignees were not bound to receive the cargo undei the disadvantages and at the increased expense arising from the remote situation of the vessel. As soon as the vessel was restored to her original place of anchoring, the discharging of the cargo commenced and proceeded, so far as appears, with all reasonable despatch. The delay, to which the master says he was subjected, in obtaining his necessary papers on his return, does not appear to have been occasioned by any default of the defendants. The plaintiff, therefore, is not entitled to recover on either count in the declaration.

Judgment for the defendants.