JAMES M. JOHNSTON AND ISAAC BREBNER v. SAMUEL H. DAVIS.

*Lien for freight—Does not attach unless freightage contract is fully performed—Delivery of property thereunder—Must be at specific place agreed upon—Error, when assignable.*

1. The master of a vessel agreed to deliver a boiler and other property at a specified dock in the city of Alpena, for one hundred dollars. On arriving at the dock, he demanded one hundred and fifty dollars, and nine dollars dockage, and refused to deliver the property until payment of said sums. The owners of the property offered to pay the one hundred dollars and the dockage charges, which offer was refused, and the master landed the property at another dock in the city, instructing the custodian not to deliver the same to the owners except on payment of the one hundred and fifty dollars. The owners demanded the property, delivery was refused, and they brought replevin therefor.

   *Held*, that by failing to perform his contract, no lien attached to the property for the freight agreed to be paid. That a partial performance is not sufficient, unless delivery be dispensed with or prevented by the owners; and that the dockage charges having been paid or tendered, the owners were entitled to the possession of the property, and upon refusal to deliver same, replevin would lie.

2. Error cannot be assigned upon an instruction to a jury which had no possible bearing upon the verdict.

Error to Alpena. (Emerick, J.) Argued February 3, 1886. Decided February 10, 1886.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Moore & Canfield,* for appellant.

The Oconto carried the boiler from Port Huron to Alpena, and on her arrival the captain had a lien for the freight and the right to retain possession of the boiler until the lien was discharged. A lien for freight cannot be lost except by payment or tender, or some act on the part of the party claiming the lien, waiving such tender. The real issue is, was an *actual* tender dispensed with? A simple demand of more than is reasonable does not waive the necessity of a tender except in connection with other circumstances—for instance, the offer of a reasonable amount. In this case there was no offer of any amount. Captain McGregor did not refuse to receive anything that was *offered* him, and the bare refusal to receive the sum proposed, and a demand for more, does not excuse an actual tender: 2 Greenl Ev. § 603 ; *Dunham v. Jackson,* 6 Wend. 22; *Farnsworth v. Howard,* 1 Cold, (Tenn.) 216 ; *Allen v. Smith,* 12 C. B. (N. S.) 638. The question whether a demand for more money than defendant was entitled to, dispensed with the necessity of an actual tender, was a question of fact, and should have been left to the jury: 2 Greenl. Ev. § 603 ; *Finch v. Brooks,* 1 Bing. (N. C.) 253; who should have been instructed that defendant had a lien, and that before plaintiffs could recover, they must find that an *actual* tender of the money was dispensed with, taking into consideration all the facts in the case. Where a plaintiff has no standing in court, except by virtue of a waiver of a tender, it seems he should be required to keep his tender good : *Dodge v. Feary,* 19 Hun (N. Y.) 277. The court should have regarded How. Stat. § 8342 in rendering judgment.

*C. E. Williams,* for plaintiffs :

" It is not sufficient that the goods arrive at the port of destination, but there must be a delivery of them to perfect the right to freight. (*Abbott on Shipping,* 273.) It is a general and acknowledged rule that the voyage must be performed according to the contract, before the ship owner or master can demand his freight. Conveyance and *delivery* of the cargo are conditions precedent, and must be fulfilled. A partial performance is not sufficient, unless delivery be dispensed with, or prevented by the owner." If a special contract is made to carry goods and deliver them for a fixed amount of freight, the contract is entire, and the carrier cannot recover freight until entire performance : *Burrill v.*

*Cleeman,* 17 Johns 72 ; *Sayward v. Stevens,* 3 Gray 97 ; *Tirrell v. Gage,* 4 Allen 245 ; *Gaze v. Baltimore Ins. Co.* 7 Cranch 358. The question as to whether there was a contract in reference to the price, and a specified place of delivery, was for the jury to determine, and the court properly instructed the jury on this question : *Fitch & Gilbert v. Newberry,* 1 Doug. 14, 15. If the agreement was as claimed by plaintiffs, and the carrier, for any reason not the fault of plaintiffs, neglected or refused to complete his agreement and demanded, as a condition precedent to delivery, the payment of an increased freight, the freight agreed upon did not become due under the contract; and if the carrier diverted the goods from the destined place of delivery, without the consent or fault of plaintiffs, no lien could be sustained, and replevin would lie. (Id.) To justify such lien, the relation of debtor and creditor must exist between the owner and carrier, so that an action at law might be maintained for the payment of the debt. No action could be maintained until the maturity of the debt, and, in this case, it would not become due until full performance by the carrier. The rule of quantum meruit cannot apply to a case like this.

MORSE, J. This was an action of replevin, commenced in the circuit court for the county of Alpena, to recover possession of a certain boiler and connections, and some 300 fire brick. The writ and declaration are in the ordinary form. The plea was the general issue, with notice that the defendant, as agent for the owners of the propeller Oconto, held possession of the boiler, etc., by virtue of a lien for freight for transporting the boiler from Port Huron to Alpena. The verdict was for plaintiffs for six cents damages. Judgment was entered on the verdict.

The plaintiffs claimed that late 'in the fall of 1883, they contracted with Capt. McGregor, master of the steamer Oconto, to take the property mentioned in the writ from the dock at Port Huron, and deliver the same at plaintiffs' dock, in the city of Alpena, for the sum of $100 ; that the boiler and other property were brought from Port Huron to Alpena by the Oconto, but, on its arrival, Capt. McGregor, as master of the vessel, demanded the payment of $150 as freight before unloading ; and, on the refusal of plaintiffs to pay more than

$100, he delivered the property at Davis' dock, on the opposite side and further up the river. Plaintiffs then demanded the property of Davis, the defendant, and Davis refused to deliver the same without the payment of $159,—$150 for freight and $9 for dockage. Plaintiffs tendered the dockage charges, and, after such tender and Davis' refusal, brought this action of replevin.

The defendant claimed that Capt. McGregor made no such contract, but that he told plaintiffs he would bring the boiler up if he came on another trip; that he did not agree to carry it for any price, but told them he would not be unreasonable in his charges. The fact of his requiring $150, and refusing to deliver it at plaintiffs' dock without the payment of that sum, is not disputed, nor that he unloaded it at Davis' dock with instructions to Davis not to deliver it unless the $150 was paid.

The first question, then, to be settled on the trial, was as to the contract between the parties,—the plaintiffs and Capt. McGregor. This was submitted in a special question to the jury, who found the contract to be as stated by the plaintiffs.

The court instructed the jury, among other things, as follows:

" If you find that the captain of the Oconto agreed with these plaintiffs that he would bring up the boiler in question to this port for the sum of $100; and if you find the further fact that after that steamer arrived at this port he refused to deliver it to them for less than $150, then the plaintiffs would have been entitled to retake the possession of the boiler from the defendant."

And that if they found a demand was made upon the defendant, or his agent, the plaintiffs had a right to maintain their suit; and that if they found these facts, their verdict should be for the plaintiffs.

It is urged that this portion of the charge was error, on the ground that the defendant, acting as agent for the captain of the Oconto, was entitled to a tender of the freight, for which there existed a lien upon the boiler, and no such tender was made before bringing suit.

The evidence shows, without much variance, that while the Oconto was landed at the Davis dock, one of the plaintiffs saw Capt. McGregor, and asked him if he was going to land the boiler at their dock. The captain replied that if they paid the freight, he would. Plaintiffs told him they would give their check for $100 if he would land it there. The captain refused to do it for less than $150, and unloaded it at the Davis dock.

The question arises, therefore, under the plaintiffs' proofs, the undisputed fact of the refusal to deliver at plaintiffs' dock for less than $150, and the special finding of the jury that the contract was to deliver it at $100, if the plaintiffs were bound to make a formal tender, money in hand, of the $100 before they were entitled to the boiler. In other words, did the Oconto have any lien upon the boiler for freight, which must be released by payment or tender before the conditions of the contract of carriage had been fulfilled?

If the contract was as plaintiffs claimed, and the jury specially so found, then the captain of the Oconto did not perform his contract, and under all the authorities was not entitled to his lien. It was not sufficient that the boiler was brought into the port of Alpena. The contract called for the delivery of the boiler at the plaintiffs' dock, and the conveyance to Alpena was not enough, without the delivery, or offer of delivery, at the place specified: *Fitch & Gilbert v. Newberry*, 1 Doug. 15; Abb. Shipp. § 406; *Liddard v. Lopes*, 10 East. 526; *Tirrell v. Gage*, 4 Allen, 245, 252; Aug. Carr. 5th Ed. § 400; *Burrill v. Cleeman*, 17 Johns. 72.

A partial performance is not sufficient, unless delivery be dispensed with or prevented by the owner: *Palmer v. Lorillard*, 16 Johns. 356.

This is not the case here. The plaintiffs averred their willingness to pay the sum fixed in the contract, if landed where it was agreed to be delivered; but the fault was in the master of the Oconto, who refused to perform his contract unless he was paid $50 additional. He did not deny that the contract was to land the boiler at plaintiffs' dock.

Indeed, he was ready to do so if he could get his additional $50.

Under the special finding of the jury, which must govern, the defendant's principal was clearly wrong, and no tender of freight was necessary. The dockage charges being paid or tendered, the plaintiffs were entitled to the boiler, and, upon the refusal of possession, could maintain replevin. There was therefore no error in this instruction.

The court also charged the jury, that if they found no such contract existed as claimed by plaintiffs, and that no price was agreed upon for the carriage of the boiler, then, if they found that the sum of $150 was an unreasonable compensation for the services of the Oconto, and the captain demanded that sum before the delivery of the property, the verdict should be for the plaintiffs after demand.

This is also assigned as error. As the jury found specially that there was a contract to carry and deliver the boiler for $100, the question as to the charge of $150 being reasonable or unreasonable was entirely out of the case, and the instruction complained of had no possible bearing upon the verdict, and therefore did the defendant no harm.

There being no error in the record, the judgment below is affirmed, with costs.

The other Justices concurred.