SCHEEL *v.* CITY OF DETROIT.

1. NEGLIGENCE—CROSS-WALK—PERSONAL INJURY—APPEAL.
In an action against a city for damages for personal injuries caused by a fall upon a cross-walk, a determination by the jury that there was no negligence on the part of the city renders it unnecessary to consider assignments of error relating to the testimony of physicians who examined the plaintiff.

2. SAME—CONTRIBUTORY NEGLIGENCE.
A determination by the jury that the defendant was not negligent renders the question of contributory negligence immaterial.

3. SAME—EVIDENCE—DEFECTIVE WALK—LAPSE OF TIME.
It was not error to exclude testimony showing the condition of the walk more than two years prior to the injury.

Error to Wayne; Brooke, J. Submitted January 30, 1902. (Docket No. 40.) Decided March 18, 1902. Rehearing denied May 8, 1902.

Case by Casper H. Scheel against the city of Detroit for personal injuries. From a judgment for defendant, plaintiff brings error. Affirmed.

Plaintiff claims that he fell into a hole on a cross-walk of the defendant city on November 2, 1899, and received a very serious injury. He brought suit to recover damages, alleging negligence on the part of the defendant. The defense was that there was no defect in the cross-walk, that plaintiff was negligent, and that plaintiff's condition was the result of injuries inflicted upon him in 1891. Three special questions were submitted to the jury:

1. Did plaintiff have a disease of the spine or spinal cord prior to November 2, 1899 ?

2. Was the cross-walk described in the declaration in a condition reasonably safe and fit for public travel November 2, 1899 ?

3. Did the plaintiff, under all the circumstances, exercise reasonable care in crossing the point in the cross-walk where the accident is alleged to have happened ?

The first two questions were answered, "Yes;" the third, "No." The jury rendered a verdict for the defendant.

*Frederic T. Harward* (*Arthur Webster*, of counsel), for appellant.

*P. J. M. Hally* and *A. B. Hall* (*T. E. Tarsney*, of counsel), for appellee.

GRANT, J. (*after stating the facts*). Plaintiff's counsel concede that the instructions upon the questions of the negligence of the defendant and the contributory negligence of the plaintiff were correct, for no question is raised upon them. All the errors assigned relate to the admission of the testimony of the two oculists who examined the eyes of the plaintiff about the time of the accident, and who were permitted to testify as to their condition; to the instructions upon the measure of damages, and the cause of plaintiff's injuries.

If the cross-walk was in a reasonably safe condition, as required by the statute, or if plaintiff was guilty of contributory negligence, all the other questions become immaterial. We must assume that this jury was one of aver-

age intelligence.   To assume that they would be prejudiced by the testimony of the physicians, or by the charge of the court upon the other branches of the case, would impeach their intelligence.   Naturally, the first question for the jury to determine would be, Was the defendant negligent? If they found this question in the negative, it would be unnecessary for them to consider any other branch of the case.   A determination that there was no negligence on the part of the defendant is conclusive of all the other questions in the case, and renders it unnecessary to consider the alleged errors.   *Kramer* v. *Gustin*, 53 Mich. 291 (19 N. W. 1); *Germaine* v. *City of Muskegon*, 105 Mich. 213 (63 N. W. 78); *Anderson* v. *Boom Co.*, 57 Mich. 216 (23 N. W. 776); *Johnston* v. *Davis*, 60 Mich. 56 (26 N. W. 830).

Complaint is made that the judge refused to permit plaintiff to show the condition of the cross-walk prior to 1897.   Its condition for two years prior to the accident was certainly sufficient time to establish the implied notice which the law holds sufficient, and this is the sole object of such testimony.

Judgment affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.   LONG, J., did not sit.

### ON MOTION FOR REHEARING.

PER CURIAM.   An application for rehearing has been filed, in which it is stated that we were in error in stating that no question was raised upon the instruction of the court as to the question of contributory negligence.   We find, upon referring to the three briefs filed in the case on behalf of the plaintiff, that we were in error in this statement.   The error probably arose from the fact that the question was not raised in the main brief, but was raised in a second brief.   It is undoubtedly due to counsel that this correction be made.   This, however, cannot change the result, for the determination by the jury that the defendant was not guilty of negligence renders the question

of contributory negligence immaterial. Upon the other points raised in the application, we see no occasion to change our former opinion.

The application is denied.