STROCK v. RUSSELL.

(Supreme Court, Appellate Division, Third Department. December 28, 1911.)

1. HUSBAND AND WIFE (§ 332*)—ALIENATION OF AFFECTIONS—EVIDENCE—
ADMISSIBILITY.

Under Code Civ. Proc. § 536, providing that, in an action for a personal injury, defendant may prove facts mitigating the damages, if they are set forth in the answer, a defendant, in an action by a wife for the alienation of her husband's affections, may not introduce in evidence, for purpose of mitigating the damages, a letter purporting to have been written by the circuit judge of a sister state, stating that a decree of divorce obtained by the husband from his wife was a valid decree, which letter had been called to the attention of defendant before her marriage to the husband, unless there is a special plea.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1123; Dec. Dig. § 332.*]

2. HUSBAND AND WIFE (§ 332*)—ALIENATION OF AFFECTIONS—GOOD FAITH OF
DEFENDANT.

In an action for alienation of affections, the good faith of defendant is a material question, and evidence thereof is admissible under a general denial.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1123; Dec. Dig. § 332.*]

3. HUSBAND AND WIFE (§ 348*)—CRIMINAL CONVERSATION—EVIDENCE—PRE-
SUMPTIONS.

In an action by a husband for criminal conversation, the mere act of sexual intercourse between defendant and plaintiff's wife raises the presumption that defendant induced the wife to such act; but no such inference can be indulged in, in an action by a wife against another woman for such relations with her husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1132, 1133; Dec. Dig. § 348.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. APPEAL AND ERROR (§ 1171*)—GROUNDS—NOMINAL DAMAGES.

    A verdict of no cause of action will not be set aside, to enable plaintiff to recover nominal damages.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4546–4554; Dec. Dig. § 1171;* Damages, Cent. Dig. §§ 16–18.]

5. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—ERRONEOUS REFUSAL OF INSTRUCTIONS.

    Where the jury found that a wife, suing for the alienation of her husband's affections, had no cause of action, the refusal to charge that mitigating circumstances could only be considered in reduction of exemplary damages was immaterial.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4230; Dec. Dig. § 1068.*]

    Kellogg and Sewell, JJ., dissenting.

Appeal from Trial Term, Chemung County.

Action by Martha Strock against Hettie Russell. From a judgment of dismissal, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

W. E. Knapp, for appellant.

John Bull, Jr. (D. N. Heller, of counsel), for respondent.

SMITH, P. J. Plaintiff in her complaint charged the defendant with having alienated the affections of her husband, by having debauched and lived in adulterous intercourse with him as his alleged wife from the 14th day of January, 1908, until the 20th day of November, 1908. Without objection on the part of the defendant the case was tried as upon a general charge for alienating the affections of plaintiff's husband, except that defendant claimed the action to be one for criminal conversation, which could not be maintained by a wife. To support the plaintiff's contention, evidence was given without objection of facts occurring prior to 1908. The issue as thus agreed upon is, therefore, the issue which must determine the competency and relevancy of the evidence given.

[1-4] The plaintiff's husband, Guy Strock, first left her in 1899. He was gone some eight or nine years. While he was gone, it is claimed that he procured a divorce in the state of Missouri. This divorce, however, was obtained without jurisdiction of this plaintiff. In 1907, when his daughter was sick, he returned to Jackson Summit, where his wife and daughter were living. He remained several months at that place. The plaintiff claimed that they were living as husband and wife, which the defendant denies. Soon after the daughter's death, the husband left the plaintiff. He was thereafter fined $75 for nonsupport, which he paid. In January, 1908, Guy Strock went with the defendant to the state of Missouri, and they there went through a marriage ceremony. They came back to the county of Chemung, and thereafter lived as husband and wife. The defendant offered in evidence upon the trial a letter, which purported

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to be a letter from a circuit judge in the state of Missouri, stating that the decree of divorce obtained by Guy Strock from his wife was a valid decree. This was shown to have been called to the attention of the defendant before her marriage to Guy Strock in January, 1908. To this evidence objection was made that it was not pleaded. This objection was overruled, and an exception taken. If this evidence were admissible only for the purpose of mitigating damages, I think it could not be shown without a special plea. Code of Civil Procedure, § 536; Bradner v. Faulkner, 93 N. Y. 515. But in an action for alienation of affections, the good faith of the defendant is a material question. Van Olinda v. Hall, 88 Hun, 452, 34 N. Y. Supp. 777; Smith v. Lyke, 13 Hun, 204; Barnes v. Allen, 1 Abb. Dec. 111. Inasmuch, therefore, as the good faith of the defendant was one of the main issues in the case, evidence thereof was admissible under a general denial and without special pleading. The questions were fairly submitted to the jury, both whether the plaintiff's husband was in fact enticed away from the plaintiff by the defendant, and whether such act was done intentionally. The jury has found with the defendant upon these questions. It is true that the court charged that the plaintiff was in any event entitled to nominal damages. This we assume was upon the theory that the plaintiff was entitled to maintain an action for criminal conversation. As a matter of first impression I should be inclined so to hold. By section 831, however, of the Code of Civil Procedure, it is provided that in an action for criminal conversation the plaintiff's wife is not a competent witness for the plaintiff; but she is a competent witness for the defendant as to any matter in controversy, except as to the disclosure of confidential communications. The purpose of this exclusion would seem to be to prevent collusion between husband and wife. If such be the purpose of the section, it is difficult to understand why the husband also should not be disqualified to testify in behalf of the wife in such an action, if such an action will lie in behalf of the wife. Is not this section in fact a legislative declaration of the law that such an action will not lie in behalf of the wife? In an action by the husband against another man, the mere act of adulterous intercourse raises a presumption that the defendant induced the wife to such an act. No such inference could be indulged in, in an action by a wife against another woman for having had adulterous relations with her husband. But it is unnecessary to decide this question in this case. Even though plaintiff were entitled to nominal damages, a verdict of no cause of action would not be set aside for that reason.

[5] In this view of the case, the refusal to charge that mitigating circumstances could only be considered by the jury in reduction of exemplary damages is immaterial, by reason of the conclusion of the jury that the plaintiff was without any cause of action.

The judgment should therefore be affirmed, with costs.

Judgment and order affirmed, with costs. All concur, except KELLOGG, J., dissenting in memorandum, in which SEWELL, J., concurs.

JOHN M. KELLOGG, J. (dissenting). The plaintiff was married to Guy Strock in 1878, and they lived together for 21 years, and had five children, two of whom are now living. In 1898 he left her. In April, 1907, he returned to her, and they lived together as husband and wife, and she was pregnant by him. She discovered that he was paying attention to the defendant. She called upon the defendant August 28, 1907, informed her that she and her husband were living peaceably together, and that she was pregnant by him, was weak and needed his care and attention, and she wished the defendant would let him alone. She promised that she would give no further trouble and that she would let him alone. On the 28th day of September following he again left her. In October he was seen working upon the defendant's farm, and was living there apparently as a hired man. On January 12th he and the defendant went to Missouri and were married, and then returned to the farm where she previously resided.

There is no reasonable dispute in the evidence as to these facts. I think they show that the defendant enticed the plaintiff's husband away and has committed a grevious wrong towards her. By remaining with the plaintiff, this poor laboring man only had a wife; by going with the defendant, he not only had a wife, but a farm and a home. If Buchanan v. Foster, 23 App. Div. 542, 48 N. Y. Supp. 732, is antagonistic to these views, I do not feel like following it. I think the defendant clearly liable upon the evidence, and the only question is one of damages.

I favor a reversal, upon the ground that the judgment is against the evidence.