ALBERT A. YOUNG *vs.* JAMES E. CHANDLER.

Cumberland.    Opinion June 3, 1908.

*Verdict.    Instructions.    Same Sustained.*

When, on a motion to have a verdict set aside, it appears that the issues were peculiarly within the province of the jury and the evidence shows no sufficient basis for interfering with the conclusions of the jury, the verdict will not be disturbed.

When by a former decision under the evidence then presented, it has been determined that the title to certain property is in the defendant and not in the plaintiff, then in a second trial of the same action, involving in part such property, if there is nothing in the evidence at the second trial to change the legal aspect of such title, it is proper for the presiding Justice to instruct the jury to leave such property entirely out of consideration.

When in an action of tort it is apparent that the jury were not misled by the instructions of the presiding Justice in reaching the conclusion that certain articles of personal property belonging to the plaintiff, were intentionally abandoned by the plaintiff, and that the defendant was not chargeable with any violent act of dominion over them, exceptions to the instructions will be overruled.

When a verdict is for the defendant, it must be assumed that the jury were not influenced by any instruction given by the presiding Justice relating to the measure of damages.

On motion and exceptions by plaintiff.    Overruled.

Action of trespass with a count in trover, brought in the Superior Court, Cumberland County.    This case was formerly tried at the February term, 1906, of said Superior Court, and at the conclusion of the plaintiff's testimony the presiding Justice ordered a verdict for the defendant and the plaintiff excepted.    The Law Court sustained the exceptions, set the verdict aside, and ordered a new trial. The case is reported in 102 Maine, 251.    The case was again tried at the April term, 1907, of said Superior Court.    Plea, the general issue as in the former trial.    Verdict for defendant.    The plaintiff then filed a general motion to have the verdict set aside and also during the trial excepted to certain instructions given to the jury by the presiding Justice.    Certain of the exceptions were not considered by the Law Court.

The material facts appear in the opinion and in *Young* v. *Chandler*, 102 Maine, 251.

*Dennis Meaher*, for plaintiff.

*L. L. Hight and H. P. Sweetser*, for defendant.

SITTING : WHITEHOUSE, STROUT, PEABODY, SPEAR, CORNISH, KING, JJ.

PEABODY, J. This was an action of trespass with a count also in trover, the writ being the same as in *Young* v. *Chandler*, 102 Maine, 251.

Upon trial of the cause before a jury the verdict was for the defendant.

The case is before the court on motion by the plaintiff for a new trial, and on exceptions to the charge of the presiding Justice.

The motion for a new trial would seem to have no sufficient basis since the issues were peculiarly within the province of the jury.

In the decision of the court above referred to, it was held that the greenhouse had become a part of the mortgage security and by foreclosure the defendant became the owner by accession as there was no evidence of his consent that the greenhouse should remain personal property after annexation. There being nothing in the evidence at the second trial to change the legal aspect of this title, the presiding Justice properly charged the jury that in view of this decision they were to leave the greenhouse entirely out of consideration. The plaintiff's first exception was to that portion of the charge and cannot be sustained.

It only remains to ascertain whether the plaintiff presents by his other exceptions any error in the charge of the presiding Justice which may have prejudicially influenced the jury in their verdict.

The second exception is to that part of the charge which relates to the abandonment of certain of the property described in the writ. The evidence tended to show that while the plaintiff was removing portions of the greenhouse from the defendant's premises the defendant ordered him to desist, making some reference to an official badge which he wore at the time but with no attempt to use actual

force. There is some doubt whether the act of the defendant had particular reference to the day, which was Sunday, or to the particular property which the plaintiff was removing at the time, or whether it was a general prohibition against removing any of the property to which the plaintiff claimed title, but it appears that the plaintiff actually made no further attempt to remove either the remaining portions of the greenhouse or any of the compost, plants, etc., specified in the writ.

The presiding Justice instructed the jury that "the law requires men to use a reasonable amount of diligence and firmness in asserting rights to their property. They cannot, on the simple say-so of some one else, relinquish their personal property and allow that property to go to waste and ruin." . . . . . "Unless his action at that time was that of an ordinarily and reasonably prudent man, a man of ordinary courage and spirit in the assertion of property rights, he could not abandon his property under those circumstances and the property be allowed to go to decay and then recover the value of it."

The presiding Justice further said :

"Of course if the circumstances were such that he foresaw that a personal collision, a personal encounter would result, he would then be justified in abandoning the property because no man is required to break the law in order to enforce the law."

It is apparent, therefore, that the jury were not misled by these instructions in reaching the conclusion that the compost and a few of the plants and other chattels which clearly belonged to the plaintiff were intentionally abandoned by him, and that the defendant was not chargeable with any violent act of dominion over them. This applies to a very small part of the property upon which the plaintiff founds his action, since it has been already determined that the greenhouse belonged to the defendant, and uncontradicted evidence in the case tended to show that the greater part of the plants remaining on the premises had been given to the defendant's wife by the prior owner and so were not included in the property sold by him to the plaintiff.

In an action of trespass as well as an action of trover the wrongful act of the defendant constitutes the gist of the action. A verdict for the defendant therefore determines that he did not commit the acts complained of, and it must be assumed that the jury were not influenced by any instruction relating to the measure of damages.

The third, fourth, fifth and sixth exceptions relate to damages and need not, therefore, be considered, since the jury did not reach that question.

*Motion overruled.*
*Exceptions overruled.*