[No. 11040.    Department One.    June 24, 1913.]

Frank Fournier *et al.*, *Respondents*, v. American Life and Accident Insurance Company, *Appellant.*[1]

Subrogation—Right to—Wrongful Acts of Agent—Trustee Ex Maleficio. Where an insurance company, through the fraudulent acts of its agent in a trade of the company's capital stock for land, was rendered liable, on rescission of the deal, for the value of part of the land which it had conveyed to an innocent purchaser, it is entitled to be subrogated to the rights of the agent, as a trustee *ex maleficio*, in and to certain notes given to the agent by the innocent purchaser in the course of the trade, and held by the agent or his assigns with notice of the fraud.

Appeal by one of the defendants, from part of a judgment of the superior court for King county, Albertson, J., entered July 8, 1912, upon findings in favor of the plaintiffs, denying subrogation against a codefendant.    Modified.

*Carkeek, McDonald & Kapp*, for appellant.

*Ward & Gilbert* and *France & Helsell*, for respondents.

Gose, J.—The American Life & Accident Insurance Company is an Oregon corporation, licensed to do business in this state.    The controversy arose out of certain alleged fraudu-

[1]Reported in 133 Pac. 9.

lent acts and representations of its agent, the defendant, Judson H. Cornish, which culminated in the loss to the plaintiffs of two separate tracts of land containing respectively forty acres and one hundred and sixty acres. The plaintiffs tendered their stock contracts which the insurance company had issued to them, and prayed a rescission, that the land be reconveyed to them, unless the evidence showed that it was held by an innocent purchaser, and in that event, for damages to the extent of its value in excess of certain mortgage liens.

The court found, that the title to the 40-acre tract was in the defendants Gibbon; that they were innocent purchasers; that the title to the 160-acre tract was in the defendant Frampton & Howie, Inc., a corporation; that it took title through the defendant Cornish, its stockholder and manager, with notice of the infirmity of his title; that Cornish had induced the plaintiffs to convey the land and purchase stock contracts in the insurance company by falsely representing that the stock was dividend-paying when it was not, that it had a value of $175 per share when its market value did not exceed its face value, i. e. $100 per share, and that the insurance company would redeem the stock at any time at $175 per share, the price the plaintiffs agreed to pay. The decree required Frampton & Howie, Inc., to reconvey the 160-acre tract to the plaintiffs; directed the plaintiffs to surrender their several stock contracts to the insurance company, and required it to surrender the plaintiffs' notes which represented the price they had agreed to pay for the stock in excess of the value of the land. The judgment further provides that the plaintiffs recover from the defendant, the insurance company, the sum of $1,874.76, the value of their equity in the 40-acre tract which they had conveyed to the defendants Gibbon, whom the court found to have been innocent purchasers.

In respect to the sale of the 40-acre tract, the defendant Cornish represented to the plaintiffs, both orally and in writing, that he had received from Gibbon $1,800 in cash, which he had paid to the insurance company to apply on their stock

contracts. He made the same representation to the insurance company, and it issued to the plaintiffs three stock contracts for ten shares each at $175 per share, and credited them with $600 cash payment upon each thereof. The plaintiffs gave the insurance company three notes for $1,150 each to complete the payment. The contracts are in terms nontransferable, and provide that, when the purchase price has been paid, the stock will issue. The fact is that Gibbon paid Cornish $400 cash, and gave him his note for $1,600 in exchange for a conveyance of the plaintiffs' equity in the land. This note Cornish indorsed to Frampton & Howie, Inc., and later Gibbon took it up and gave it his two notes for $800 each. These notes were held by Frampton & Howie, Inc., at the time of the trial. The insurance company requested the court to subrogate it in the decree to the rights of Frampton & Howie, Inc., in the Gibbon notes. This the court declined to do. The insurance company reserved an exception to the ruling, and has appealed. Frampton & Howie, Inc., has not appealed.

In the oral argument, the appellant stated, in substance, that it would be content to be subrogated to the rights of Frampton & Howie, Inc., in the Gibbon notes. The plaintiffs, the only other parties who have appeared here, stated that they had no objection to such subrogation. We therefore limit our investigation to this question. As we have seen, the court found that the plaintiffs were defrauded of their land by means of false representations and fraudulent manipulations of the defendant Cornish while acting as the agent of the appellant in selling its stock, and that Frampton & Howie, Inc., had notice of the infirmity in the title of Cornish to the 160-acre tract, and generally of his fraudulent manipulations and transactions with the plaintiffs. The record furnishes indubitable evidence of these facts. Nor is Frampton & Howie, Inc., a holder in due course of the Gibbon notes. The court in the course of its opinion observed that the stock manipulation between Cornish and Frampton & Howie, Inc., was "simply

scandalous." Frampton & Howie, Inc., stands in the shoes of Cornish. To recapitulate: Cornish represented to the plaintiffs and the appellant that he had $1,800 cash belonging to the plaintiffs out of the sale of the 40-acre tract. Upon this representation, the appellant issued its stock contracts to the plaintiffs. In consequence of Gibbon having been an innocent purchaser, the plaintiffs have a judgment against the appellant for $1,800 in round numbers, because, and only because, Cornish was its agent in his transactions with the plaintiffs. The appellant may therefore elect to treat Cornish as its trustee *ex maleficio* in the $1,600 note. Frampton & Howie, Inc., took the note and later the two notes of Gibbon for $800 each, in lieu thereof, with notice and impressed with this trust. The record is long and complicated, but the subject need not be further pursued. As the learned trial court remarked, the plaintiffs were stripped of their entire fortune through the manipulations of Cornish. The appellant has been made to bear the burden of the wrongful acts of its agent to the extent of $1,800. It will be subrogated to the rights of the defendant Frampton & Howie, Inc., in the two notes of Gibbon for $800 each.

Remanded, with instructions to modify the decree as indicated; costs to be taxed against Frampton & Howie, Inc.

Chadwick, Mount, and Parker, JJ., concur.