RODGERS v. TEXAS & P. RY. CO.
(No. 7215.)

(Court of Civil Appeals of Texas. Dallas. Dec. 26, 1914. Rehearing Denied Feb. 6, 1915.)

1. APPEAL AND ERROR (§ 1003*) — REVIEW — JUDGMENT BASED ON VERDICT — GROUNDS FOR REVERSAL.

The court on appeal should not reverse a judgment based on the verdict of a jury, unless it is clearly against the weight of the evidence or the trial embodied errors which cannot be said not to have influenced the finding.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. § 1003.*]

2. TRIAL (§ 244*)—INSTRUCTIONS—REPETITION OF CHARGE—ERROR.

In an action against a railroad for injuries to cattle in transit, where the substance of a requested special charge was embodied in the main charge, the special charge being that only injuries caused by negligence of defendant and producing greater injury than would necessarily have resulted from the mere fact of transit could serve as a basis for recovery, to give such spe-

cial charge was improper as unduly emphasizing the point.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581·; Dec. Dig. § 244.*]

3. TRIAL (§ 244*)—INSTRUCTIONS—REPETITION OF CHARGE—ERROR.

In an action against a railroad for injuries to cattle in transit, it was error for the court to give a requested charge that there could be no recovery for injuries resulting from horning and hooking each other by the cattle, unless such hooking was caused by negligence of defendant, where the point was covered by the main charge, since the repetition unduly emphasized the point.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. § 244.*]

4. CARRIERS (§ 228*) — CARRIAGE OF LIVE STOCK—DELAY—DELIVERY IN INJURED CONDITION—BURDEN TO EXCUSE.

Where cattle were delivered in good condition to a railroad for transit, if they reached their destination after delay in an injured condition, the burden is on the railroad to excuse the delay to escape liability for the damage.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

5. CARRIERS (§ 230*)—INJURY TO CATTLE—INSTRUCTIONS.

In an action against a railroad for injuries to cattle in transit, a charge that if the train was negligently delayed after the cattle were delivered to the road at Ft. Worth for shipment to Terrell, or if the train was negligently handled, resulting in skinning and bruising the cattle, or if, by defendant's negligent delay in unloading at Terrell, the cattle were led to fight in the cars to their injury, the defendant is liable, was misleading as tending to impress the jury with the idea that it could not award damages for injuries caused by negligence of the road between the delivery of the cattle to it and the departure of its train from Ft. ·Worth, and it constitutes error.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

6. TRIAL (§ 251*)—INSTRUCTIONS—RELEVANCY TO ISSUES—ERROR.

In an action against a railroad for injuries to cattle in transit, where the court charged that if ordinary cattle might be led to fight in cars unusually delayed in unloading, and that, if such delay and consequent injury to the stock occurred, defendant was liable, the habits of the cattle not being in issue under the pleadings, the charge was improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

7. CARRIERS (§ 229*)—INJURIES TO STOCK IN TRANSIT—DAMAGES.

In an action against a railroad for injuries to cattle in transit, the measure of damages is not the difference between their market value at destination in the condition in which they were delivered and the condition in which they should have been delivered, but the difference between their market value when delivered to defendant at starting point of transit and their market value at destination at the time they should have arrived and in the condition in which they should have been.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. § 229.*]

8. APPEAL AND ERROR (§ 1068*)—REVIEW—ERRONEOUS CHARGE NOT CONSIDERED BY JURY.

An erroneous charge on the measure of·damages, where the jury found no damage, was not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

9. TRIAL (§ 251*)—INSTRUCTIONS—POINT NOT AT ISSUE—ERROR.

In an action against a railroad for injuries to cattle in transit, where the uncontradicted evidence shows that the stock was delivered to defendant in good condition, it is error to charge that the jury can find no damage for injuries inflicted before delivery to the defendant; no such contention being at issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

10. CARRIERS (§ 228*)—INJURIES TO STOCK—EVIDENCE.

In an action against a railroad for injuries to cattle in transit from Ft. Worth to Terrell, where the evidence is uncontradicted that cattle were delivered to defendant for transport at Ft. Worth in good condition, it is error to admit testimony over plaintiff's objection that the cattle had been previously shipped from Uvalde to Ft. Worth.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

Appeal from Kaufman County Court; James A. ·Cooley, Judge.

Action by R. S. Rodgers against the Texas & Pacific Railway Company. Judgment for defendant, and plaintiff appeals. Reversed.

Wynne & Wynne, of Kaufman, for appellant. W. Dorsey Brown, of Kaufman, for appellee.

RAINEY, C. J. Appellant, plaintiff below, brought this suit against appellee, defendant below, to recover damages to a shipment of cattle, alleged to have been injured in shipping from Ft. Worth, Tex., to Terrell, Tex., over appellee's road, by reason of negligent delay and improper handling on the part of appellee. A trial resulted in a verdict and judgment for the appellee, from which appellant prosecutes this appeal.

[1] The evidence was uncontradicted as to the cattle being delivered for shipment to appellee, but was sharply contested on the issue of whether or not said cattle were injured in the transportation of same. The shipment was not accompanied by the appellant nor his agent; and it is important for us to determine, if we can, whether or not the errors assigned are immaterial or are such as should cause a reversal of the judgment. The court should not reverse a judgment passed upon by the jury, unless it is clearly wrong, or there were errors in the trial of the case, which we cannot say did not influence the finding of the jury. The errors assigned relate to the main charge, to special charges requested and given, and those refused, and to the admission of testimony. We are unable to say that some of the errors pointed out did not influence the verdict; therefore we feel it our duty to reverse the judgment and remand the· case for another trial. The reasons for so doing are:

[2] 1. The court erred in giving the following special charge requested by appellee, viz.:

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

"You are further instructed in this case that the plaintiff, before he can recover, must show that said alleged injuries, if any, were sustained by reason of the negligence of the defendant, its agents and employés; and if you find from the evidence that such injuries, if any, were slight, and only such as would accrue by reason of the fact of shipping, then in such event you will find for the defendant."

The substance of this charge is embraced in the court's main charge, and its repetition as a requested charge placed undue prominence on that issue, which was improper.

[3, 4] 2. The court erred in giving appellee's requested charge, viz.:

"You are instructed in this case that, if said cattle were injured at all by horning or hooking each other, then in such event, as to such injuries, you will find for the defendant, unless it is shown, by a preponderance of the testimony, that such hooking was caused by the negligence of the defendant, its servants and employés."

This charge was covered by the main charge, and it was improper to emphasize this issue. The burden of proof through the whole case was on plaintiff to show negligence and injury to the cattle, but it was improper to pick out particular portions of the evidence and make them prominent. If the cattle were delivered in good condition to the railroad company, and they reached Terrell injured, and delay in transportation was shown on the part of the railroad, then it devolved upon the railroad company to show an excuse therefor.

[5, 6] 3. The fourth paragraph of the court's charge is complained of as error. It reads as follows:

"Now, if you believe from the evidence that after the cattle were delivered to the defendant at Ft. Worth, Tex., for shipment to Terrell, Tex., that the train in which said cattle were shipped was delayed, and that such delay, if any, was negligence on the part of the defendant, or if you believe from the evidence that the train in which the cattle were being transported was roughly handled, causing the cars to be rammed and bumped together, jerking the cattle down in the cars and against the sides and ends of the cars, injuring, skinning, and bruising said cattle, and the manner in which the cattle were handled was negligence on the part of the defendant, and if you further believe from the evidence that the negligence, if any, in the handling of said cattle, if they were roughly handled, either or both, resulted in injury to the cattle, then the plaintiff would be entitled to recover his damages, if any, therefor; and if you further find from the evidence that the cars in which the shipment of cattle were transported—that after it reached its destination that the shipment of cattle was left standing before unloading for an unreasonable length of time, and the cattle injured themselves by fighting or moving about while the car was so standing before unloading, it devolves upon plaintiff to show, by a preponderance of the evidence, that the car of cattle was standing for an unusual length of time before unloading, and that the cars were left standing without being unloaded, by reason of the negligence of the defendant, or its agents, and that the cattle would not have been so injured, if they were not, fighting and moving about, if they did, but for such negligence, if any, and that the acts of the cattle are such as are the ordinary acts and habits of cattle under the same circumstances, and that the defendant or its agents knew of such acts or habits, if any, or could have known by ordinary care and diligence, plaintiff would be entitled to recover for such injuries, if any, occasioned by such acts, if any there were on the part of said cattle, and, if you fail to so find in this case, the plaintiff cannot recover for injuries received by the cattle in fighting and moving around, if any injuries were occasioned thereby."

This charge is not as explicit as it should have been, in that it is so framed that the jury may have considered they could not allow damages for negligence, if any, between the delivery of the cattle to appellee and the departure of the train from Ft. Worth. The appellant pleaded delay, and there was evidence tending to show delay at Ft. Worth. The appellee presented a special charge covering this defect, which special charge the court refused to give. The charge also required the appellant to show, in effect, that the acts and habits of the cattle, under the circumstances, were such as ordinary cattle, and that the defendant knew of such acts or habits, in order that appellant might recover for injuries occasioned by the cattle fighting and moving around before unloading. There was no issue raised by the pleadings of the appellant, as to the habits of the cattle, and it was improper to so charge.

[7, 8] 4. The court erred in his charge on the measure of damages, viz.:

"If you find for the plaintiff under the evidence and charge herein given you, then you are instructed that the measure of damage is the difference, if any, in the market value of the cattle at Terrell, Tex., when delivered to the plaintiff in their then condition, and the market value of the cattle at Terrell, Tex., at said time, had they been delivered to the plaintiff without injury, if any, provided such delay, if any, was occasioned by the negligence of the defendant, or such injury, if any, by the failure of the defendant to use ordinary care in the handling of said cattle."

The measure of damage is the difference in the market value of said cattle in their condition when delivered to appellee at Ft. Worth, and their market value at the time they should have been delivered at Terrell, in the condition they should have been in. As the jury found there was no damages, this charge would not reverse the judgment, but we thought best, in view of another trial, to call attention to it.

[9] 5. The court erred in the sixth paragraph of its charge, in telling the jury, in effect, that they could find no damages for injuries received by said cattle before delivered to appellee at Ft. Worth. There was no proof of any injury to the cattle before being delivered to appellee. The uncontradicted evidence shows the cattle to have been delivered to appellee in good condition, and hence no such issue was raised.

[10] 6. Several assignments relate to the admission of testimony by several witnesses in regard to the cattle having been first shipped from Uvalde to Ft. Worth. This testimony was immaterial, and the objection thereto should have been sustained. The

·evidence showing without contradiction that the cattle were delivered to the railroad company in good condition at Ft. Worth, it was immaterial from what point the cattle were shipped to Ft. Worth, where they were delivered to appellee.

The judgment is reversed, and the cause remanded.