## BURBIDGE v. UTAH LIGHT & TRACTION CO.

### No. 3516.   Decided March 8, 1921.   (196 Pac. 556.)

1. PARENT AND CHILD—IT IS THE DUTY OF A FATHER TO SUPPORT HIS MINOR CHILDREN. It is the duty of a father to support his minor children, and it is, under Comp. Laws 1917, § 8112, a criminal offense to willfully fail to support children under the age of 16.[1]

2. DEATH—PECUNIARY LOSS BASIS OF RECOVERY. Under the Utah statutes, recovery for wrongful death must be founded upon a pecuniary loss, and the loss must be such that in contemplation of law it amounts to the deprivation of some service, attention or care that has in it the element of pecuniary value.

3. DEATH—LOSS OF SOCIETY ELEMENT OF DAMAGES. A loss of the society and companionship, as well as the habits of deceased in regard to his family and what he might be expected to do in the future, may be submitted to the jury as an element of damages for death.[2]

4. DEATH—INHERITANCE ELEMENT OF DAMAGES TO HEIRS. The right of inheritance based on the probability or improbability of deceased acquiring an estate which his heirs would inherit may be considered, in determining the damages for death.

5. DEATH—DAMAGES LEFT TO JURY'S DISCRETION. There is no hard and fast rule as to the measure of damages to minor children, for their father's death, but, under Comp. Laws 1917, § 6505, the jury may award such damages as under all the circumstances of the case may be just.

6. DEATH—MINOR CHILDREN DESERTED ENTITLED TO DAMAGES FOR LOSS OF SUPPORT. A father being legally bound to support his minor children, and the law providing means by which they can compel him to support them, they are entitled to damages for his wrongful death, though he did not recognize his legal

---

[1] *State* v. *Bess*, 44 Utah, 39, 137 Pac. 829.

[2] *Webb* v. *D. & G. Ry. Co.*, 7 Utah, 17, 24 Pac. 616; *Wells* v. *D. & R. G. Ry. Co.*, 7 Utah, 482, 27 Pac. 688; *Chilton* v. *U. P. Ry. Co.*, 8 Utah, 47, 29 Pac. 963; *Evans* v. *O. S. L. R. R. Co.*, 37 Utah, 431, 108 Pac. 638, Ann. Cas. 1912C, 259; *Spiking* v. *Railway & Power Co.*, 33 Utah, 339, 93 Pac. 847.

obligation to support them; and this obligation and their prospective inheritance are proper questions to be considered by the jury in fixing the damages.

7.  TRIAL—INCORRECT INSTRUCTION ON DAMAGES FOR DEATH NOT CURED BY SUBSEQUENT CORRECT ONE. Where one instruction incorrectly informed the jury that there could be no recovery for wrongful death unless decedent had recognized his obligation to support his minor children, the error was not cured by a subsequent instruction correctly stating the measure of damages, for, unless the jury found that decedent recognized the obligation, they would have no occasion to consider the subsequent instruction on damages.

8.  APPEAL AND ERROR—ERRONEOUS INSTRUCTION ON RIGHT TO RECOVER FOR DEATH PREJUDICIAL ERROR REGARDLESS OF VERDICT. In an action for the wrongful death of a motorman, brought for the benefit of minor children, where the court incorrectly charged that, unless he recognized his obligation to support them, there could be no recovery, such instruction cannot be deemed harmless because the jury found all of the issues for defendant, for as the instruction went primarily to the right of recovery, and not to the measure of damages, the ordinary rule that, where there is a verdict for defendant, error in instruction on damages is harmless, does not apply.

FRICK, J., dissenting.

Appeal from District Court, Third District, Salt Lake County; W. H. Bramel, Judge.

Action by John B. Burbidge, administrator of the estate of Peter Peterson, deceased, against the Utah Light & Traction Company. From a judgment for defendant, plaintiff appeals.

REVERSED AND REMANDED FOR NEW TRIAL.

J. J. Whitaker, of Salt Lake City, for appellant.

Bagley, Fabian, Clendenin & Judd, of Salt Lake City, for respondent.

GIDEON, J.

The plaintiff, as the administrator of the estate of Peter Peterson, deceased, brings this action to recover damages for the death of his intestate. The deceased was employed as a motorman by the defendant company and at the time of the accident was operating a car over one of its tracks. The accident is alleged to have been the result of the negligence of the defendant company. The alleged acts and omissions constituting the negligence are: (a) Defendant used, or suffered to be used, an unsafe, defective, and insufficient street car; and particularly a car with a defective set of brakes. (b) The roadbed of defendant was too lightly constructed, and defendant carelessly and negligently constructed too short a turn without using due care to make a wider circle in said turn. (c) The company failed to place a "stop" or "slow down" sign to warn the motorman of the dangerous curve. The defendant denied the negligence, and, as an affirmative defense, pleaded contributory negligence and assumption of risk. A jury returned a verdict against the plaintiff, finding all issues in favor of the defendant. The case is before this court on the judgment roll and a brief summary of what the evidence offered by the parties tended to prove.

The complaint contains the names of five individuals who, it is alleged, are "the next of kin and heirs of said deceased." The relation of the persons named and designated as "heirs" and "next of kin" does not appear in the complaint. It does appear in the record, however, that the parties named are children of the deceased. Three of the children are over the age of 21 years. Two, namely, James Peterson and Anna Peterson, are respectively of the ages of 15 and 13 years.

The brief summary of the evidence found in the record, and which is certified to by the court, reads as follows:

"Plaintiff offered evidence tending to prove the allegations of his complaint and that said Peter Peterson had supported the said minor children during their infancy, but no evidence was introduced respecting any particular sums of money given by deceased to said minors for their support during the last 18 months prior

to his death; and the defendant having given evidence tending to support the allegations of the answer and that the said Peter Peterson was living separate and apart from said minor children for about 18 months prior to his death, and tending to prove that during said 18 months there had been no association between said deceased and said minors, and there was no evidence of loss of society or companionship, the court instructed the jury."

Appellant has discussed but one assignment of error. It relates to the eighth instruction. That instruction is as follows:

"The court further instructs you that in this case you cannot presume that the two minor children suffered pecuniary loss or loss in money because of the death of Peter Peterson, but the burden rests on plaintiff to prove such pecuniary loss, if any has been sustained by them; and plaintiff must show, and, before you can find a verdict in their favor you must find, from the evidence in this case, that decedent recognized that obligation to contribute to the support of said minors and in fact did contribute to their support, and unless the evidence shows that they had prior to his death received, or had reasonable expectation of receiving during a continuance of his life, pecuniary contributions from the deceased, then they cannot recover damages in this action on that account, and in passing upon the question of pecuniary loss, if any, you gentlemen of the jury are not allowed to speculate generally or indulge in assumptions not based on the actual evidence, if any, in the case."

The exception is to the following statement in the instruction:

"Plaintiff must show, and, before you can find a verdict in their favor you must find, from the evidence in this case, that the decedent recognized that obligation to contribute to the support of said minors and in fact did contribute to their support, and unless the evidence shows that they had prior to his death received, or had reasonable expectation of receiving during a continuance of his life, pecuniary contributions from the deceased, then they cannot recover damages in this action on that account."

It is contended by appellant that the rule of law announced in the portion of the foregoing instruction excepted to is error and that it is such error as is prejudicial to the appellant's rights. It is insisted that the statutes of this state imposed a duty upon the deceased to provide for the support and maintenance of his minor children and that the fact, or ab-

sence of such fact, that the deceased recognized his obligation, is wholly immaterial.

Whatever may be the rule in other states, the law of this state is that it is the duty of the father to support his minor children. It is made a criminal offense to willfully fail to support one's minor children under the age of 16 years. Comp. Laws Utah 1917, § 8112; *State* v. *Bess,* 44 Utah, 39, 137 Pac. 829. See, also, *Alvey* v. *Hartwig,* 106 Md. 254, 67 Atl. 132, 11 L. R. A. (N. S.) 678, 14 Ann. Cas. 250.

True, the legal duty, standing alone, in our judgment, does not warrant the recovery of anything in excess of nominal damages; but the legal duty, nevertheless, does exist, and the fact that the deceased recognized it or did not recognize such duty could not conclusively determine the plaintiff's rights in the action. The case cited and relied on by respondent, *Fogarty* v. *Northern Pac. Ry. Co.,* 74 Wash. 175, 133 Pac. 609, L. R. A. 1916C, 800, was an action prosecuted under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657-8665). The lower court in that case instructed the jury that it was the legal duty of the deceased in his lifetime to care for and support his wife and child, although he lived separate and apart from them, and that this duty could not be avoided by any voluntary act on his part, and that the wife and child were entitled to damages for the death of the father and husband caused by the negligence of another independently of whether he actually contributed anything to their support. The Supreme Court of Washington held this to be error and based its conclusion on the interpretation of the Employers' Liability Act by the Supreme Court of the United States in cases cited in the opinion. The right to maintain an action and recover damages under the federal Employers' Liability Act as construed by the Supreme Court of the United States is for the benefit of certain relatives enumerated in the statute conditioned upon the dependency of such relatives upon the deceased (*Michigan Central R. Co.* v. *Vreeland,* 227 U. S. 68, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176; *American Railway Co. of Porto Rico* v. *Didricksen,* 227 U.

S. 145, 33 Sup Ct. 224, 57 L. Ed. 456. Under our statute
the right to maintain an action for the wrongful death of an
adult is in the heirs or the personal representative for
the benefit of the heirs. It may be conceded, I think,      2
as a fundamental principle, that any recovery under
like or similar statutes to ours must be founded upon a pe-
cuniary loss and the loss must be such that in contemplation
of law it amounts to the deprivation of some service, atten-
tion, or care that has in it the element of pecuniary value.
That principle was stated by this court in an early case. In
*Pool* v. *Southern Pac. Co.*, 7 Utah, 310, 26 Pac. 656, the court
said:

> "If the testimony did not show that there were heirs living
> who were pecuniarily injured by his death, no recovery should
> be had, as in that case no one has sustained any pecuniary loss or
> injury by his death."

What particular facts or elements may enter into this pe-
cuniary loss differ under different statutes.

The Supreme Court of the United States in the cases cited
determined that the loss of companionship between a husband
and wife was not capable of pecuniary measurement, and
therefore was not a proper subject to submit to the jury as
an element of damages. It has been repeatedly held by this
court that it was proper to submit to the jury, as an
element of damages, the loss of the society and com-      3
panionship as well as the habits of the deceased in re-
gard to his family and what he might be expected to do in
the future. *Pool* v. *Southern Pacific Co., supra; Webb* v. *D.
& R. G. Ry. Co.*, 7 Utah, 17, 24 Pac. 616; *Wells* v. *D. & R. G.
Ry. Co.*, 7 Utah, 482, 27 Pac. 688; *Chilton* v. *U. P. Ry. Co.*,
8 Utah, 47, 29 Pac. 963; *Evans* v. *O. S. L. R. R. Co.*, 37 Utah,
431, 108 Pac. 638, Ann. Cas. 1912C, 259.

It has also been held that the right of inheritance, that is,
the probability or improbability of the deceased during
his lifetime of acquiring an estate which the heirs      4
would inherit, might be considered in determining the
damages, if any, which the heirs had sustained.

In discussing the measure of damages in an action for

wrongful death, in *Spiking* v. *Railway & Power Co.*, 33 Utah, at page 339, 93 Pac. at page 847, the court said:

"Under our statute, both the wife and the children were heirs of the deceased, and as such were entitled to recover, not only for the loss of support, companionship, and the assistance he would naturally and probably be to them but were entitled to all the pecuniary loss that they may have sustained by reason of his death, which could be established with reasonable certainty in view of all the circumstances pertaining to the subject-matter."

In the nature of things no hard-and-fast rule can be laid down as to the measure of damages. Comp. Laws Utah 1917, § 6505, prescribes or designates the measure of damages in cases like the one at bar in the following language: "Such damages may be given as under all the circumstances of the case may be just."

The court instructed the jury that the plaintiff was not entitled to recover for the loss of companionship and society of the deceased. No complaint is made of that instruction. We assume that none could be made under the circumstances shown by the testimony.

Conceding that the testimony in this case did not show that the deceased had contributed to the support of his minor children, the question still remains to be determined, the legal duty being conceded, should the court determine as matter of law that the failure to recognize that duty or the failure to contribute anything to the support of his children as the law requires deprived the appellant of any right to recover. We are of the opinion that it should not. The legal right exists. The law provides a means by which the minors or the state in behalf of the minors could compel a father to support his children. Can it be said as a matter of law that when minors or heirs are deprived of that right there is no redress, and that there is no standard of measurement by which the amount of recovery can be governed or controlled? We are of the opinion that the legal obligation of a parent to support his children and their prospective inheritance are proper questions to be submitted to and considered by the jury under appropriate instructions of the court in arriving at the measure of damages in this class of cases.

In a well-considered case from Michigan, *Ingersoll* v. *Detroit & M. Ry. Co.*, 163 Mich. 268, 128 N. W. 227, 32 L. R. A. (N. S.) 362, in which many authorities are cited and discussed, it was held that an administrator was entitled to recover for the benefit of a surviving wife and minor child the probable amount of contributions, whether voluntary or forced, that such widow might have received during her expectancy where death of the husband by wrongful act had intervened. In that case the deceased never had contributed or recognized his obligation to support either his wife or minor child before his death. It was there claimed that there was no basis for a recovery, and the trial court so held. On appeal the Supreme Court, commenting on the case, said:

"It is urged by defendant that there was no basis for assessing damages. Had decedent been proceeded against to compel him to support his wife and child, the same difficulty would have been encountered; and yet we think the court would have had no difficulty, after learning all of the facts, to fix a reasonable basis from which to determine the amount. Had this man been killed by a negligent act, an hour after his marriage, and before he had ever contributed a cent to the support of his wife, would it be contended that she had not suffered pecuniary loss thereby? It would seem not. What would be the basis of assessing damages in such a case? We think that they would be determined by showing the circumstances, and by evidence of the probability, under proper rules, as in suits brought by parents to recover damages in case of the negligent death of a young child, who had never earned a dollar. * * * We are of opinion * * * that the circuit judge should have permitted the case to go to the jury * * * to determine as to the liability of the defendant; and, if any was found, to assess damages, if any, for the contributions, voluntary or forced, that would probably have been made by deceased in favor of the widow during her probable life, if not exceeding the probable life of decedent, and for the child during its minority."

See, also, Tiffany's Death by Wrongful Act (2d Ed.) § 159.

Cases can readily be imagined where the facts and circumstances are such that there is no human probability that any assistance would ever have been given to the minor children or to the other relatives and heirs of the deceased, and under such state of facts, manifestly, it would be the duty of the

court to see that no recovery was had, because no one had been injured. In this case the summary of evidence certified to this court is to the effect that the plaintiff introduced proof tending to prove the allegations of the complaint. The allegations of the complaint are that the plaintiff, or, rather, the heirs of the deceased, were damaged in the sum of $12,000. The evidence not being before this court, in detail, we must assume that the statements of the court below that the testimony tended to support the allegations of the complaint is true, and that there is evidence in the record tending to show damages in some amount. The vice of the instruction, as we have attempted to point out, is that it advises the jury that as a prerequisite to the right of recovery the deceased must have recognized his obligation to support his minor children and that he actually contributed to their support.

It is further contended that if it be conceded that the eighth instruction is erroneous, nevertheless it was not prejudicial by reason of the fact that in the twenty-fourth instruction the jury were correctly advised relative to the measure of damages. Should it be held that the twenty-fourth instruction correctly states the law as to the measure of damages, that does not, in our judgment, cure the harm of the eighth instruction. Unless the jury found, as directed by the eighth instruction, that the deceased recognized his obligation to the minors and in fact contributed to their support prior to his death, necessarily the jury would have no occasion to consider the rule as to the measure of damages given in the twenty-fourth instruction. In other words, the instructions left the jury with the necessity of first finding as a fact that the deceased recognized his obligation.

Some stress is laid upon the fact that the jury in its verdict found ''all issues'' in favor of defendant and against the plaintiff. Reliance is had upon the word ''all.'' It is insisted that the jury must have found that the defendant was not guilty of the negligence charged in the complaint; also, that the jury must have been convinced, and so found, that the plaintiff was chargeable with contributory negligence. Cases are cited in which it is held that a general verdict ren-

ders an erroneous instruction upon a question which the jury must have found adversely to the party complaining non-prejudicial. In other words, that the verdict must have been, in the very nature of the questions considered, founded upon a finding which relieved the erroneous instruction from any prejudicial results. In this case no such situation exists. The jury might have been convinced by the testimony that the defendant was negligent and that such negligence was the proximate cause of the injury, but may have concluded, under the instruction, that the plaintiff could not recover, forsooth, because the deceased did not recognize his legal obligation to care for his minor children. As we have seen, the fact of his recognition, or nonrecognition, cannot be conclusive against the right of the plaintiff to recover. We do not think that such conclusive effect as is claimed by the respondent should be given to the word "all" found in the verdict.

The authorities cited to support the contention that a general verdict renders an erroneous instruction on the question of the measure of damages nonprejudicial in no way run counter to the principle considered and announced in this opinion. A concise but comprehensive statement of the rule of law announced in those cases, as we understand them, is given by the Supreme Court of Iowa, in *Thorp* v. *Western Union Tel. Co.,* 84 Iowa, at page 193, 50 N. W. at page 676, as follows:

"An instruction as to the damages to be recovered is complained of by counsel. As there was no verdict for the plaintiff, the jury, we presume, never went so far as to inquire as to damages. The instruction could have had no possible effect upon the findings of the jury as to the plaintiff's right to recovery. It need not, therefore, be considered."

Again, the same principle is stated by the Supreme Court of Alabama in *Pulliam* v. *Schimpf,* 109 Ala. at page 185, 19 South. at page 430, as follows:

"Where the verdict thus establishes that the plaintiff is not entitled to recover at all, errors committed by the court, if any, relating to the measure of damages, are not available to reverse the judgment."

No one has any quarrel with the doctrine announced by

those courts. It does not, however, meet, nor is it applicable to, the objection urged against the instruction complained of by appellant in this case. The jury were instructed by the district court that before the plaintiff was entitled to recover at all the jury must find that the deceased had recognized his obligation to support his minor children and had contributed to their support. As pointed out herein, the plaintiff's right to recover was not barred by the nonexistence of either of those facts. The instruction did not relate to the measure of damages, but primarily to the right of the plaintiff to recover at all. Necessarily, if the verdict of the jury is to be considered as finding that there was no negligence on the part of the defendant, or that there was contributory negligence which resulted in the injury, then the contention would be correct. In this case, however, the jury were required, as we think erroneously, to determine first that the deceased had recognized his obligation, and second, that he had actually contributed to the support of his minor children. Manifestly, neither of these questions is in any way related to or connected with the measure of damages.

For the reasons stated, the judgment must be reversed and the cause remanded for a new trial. Such is the order. Respondent to pay costs.

CORFMAN, C. J., and WEBER, J., concur.

THURMAN, J. I concur in the opinion of my associate, Mr. Justice GIDEON.

The instruction to which exception was taken by appellant was erroneous, not only for the reasons stated in the opinion, but also for the reason that it was ambiguous, uncertain, and, perhaps, misleading. When the court instructed the jury that before it could find a verdict in favor of the minor children it must find from the evidence in the case that the deceased, their father, recognized his obligation to contribute to their support, it left the jury to speculate and grope in darkness

as to just what would constitute recognition. Whether it required an express declaration on the part of the deceased, or whether his conduct towards the minors would constitute the recognition demanded by the instruction, does not appear. There was some evidence in the case to the effect that the deceased had supported his minor children during infancy and perhaps had made contributions to their support after that time, but as to those no specific sums were stated. The jury was not informed that these contributions would constitute a recognition of his obligation, nor could they conclusively infer such fact from the instruction complained of. The instruction was prejudicial for the reason that, in any event, it limited plaintiff's right to recover by the imposition of conditions not warranted by any law relating to cases of this kind.

But it is contended by respondent that the general verdict in favor of defendant cured the error complained of and rendered the instruction harmless. We have yet to learn that a vicious instruction, in an action for damages, limiting plaintiff's right to recover, is rendered harmless by a verdict which in all probability was rendered solely because of the vicious instruction. If the jury, in arriving at the verdict, found that the deceased had not recognized his obligation to support the minor children, it had no occasion to make further investigation. Its paramount duty in such case was to find for the defendant, "no cause of action," even though defendant may have been culpably and inexcusably negligent. An instruction which may lead to such an incongruous result cannot be right, nor can the error be cured by the application of a rule which relates solely to the measure of damages. The measure of damages is not involved in the case at bar. No error is predicated upon anything said or done by the court in respect of the measure of damages. Appellant has made no assignment of error in that regard nor to the court's instruction upon that subject. Nor has appellant even included said instruction in his abstract on appeal. The cases cases relating to the measure of damages. They are cases in relied on by respondent in support of its contention are all

which the nonliability of defendant was conclusive, and no matter what may have been the rule of damages announced by the court, it could not possibly have prejudiced the plaintiff. Such is not the case before us on this appeal.

FRICK, J. (dissenting). It is with some hesitation, if not reluctance, that I dissent from the conclusions reached by my associates. My reluctance is entirely due to the fact that I have always entertained the view that dissenting opinions, as a rule, are useless and should be indulged in only in case the dissenter in no possible view can reconcile his convictions with those of his associates. In this case I cannot yield assent to the reversal of the judgment upon the grounds stated in the prevailing opinion. In my opinion, both the reasons upon which the conclusion is based and the conclusion itself are contrary to both principle and the overwhelming weight of authority. Indeed, in my judgment, the doctrine that no prejudicial error was committed in this case is elementary. In view that I have no recourse except to concur in a result which, in my judgment, is manifestly erroneous, or to dissent, I have chosen the latter course and shall, as briefly as possible, state my reasons for my dissent.

As stated in the prevailing opinion, the defendant was charged with a series of acts of negligence, all of which it denied and at the trial produced evidence in support of those denials. Upon the other hand, the plaintiff was likewise affirmatively charged by the defendant with specific acts of negligence which, it was alleged, caused the injury, and, further, that he had assumed the risk of the injury. The district court fully and correctly charged· the jury respecting the law upon those issues and fully advised them under what circumstances they should find for either one or the other of the parties to this action. With respect to the duty of the jury to consider the question of damages, the court instructed them as follows:

"The fact that I have or may instruct you upon the measure· of damages should you find for plaintiff is not to be taken by you as any intimation that I either believe or do not believe that plaintiff is entitled to recover damages. The instructions on the measure of damages are only given you to guide you in case you find

from the evidence that plaintiff is entitled to recover, as it is my duty to charge you fully upon all the law in the case. But should you determine from the evidence that plaintiff is not entitled to recover, that is, that the accident happened without any fault or negligence on the part of the defendant, or that negligence on Peter Peterson's part proximately contributed to bring about the accident, or that he assumed the risk, as defined in these instructions, then and in that event you will entirely disregard the instructions which I have given you on the measure of damages."

No exception is urged against the foregoing instruction. The issues to be tried and determined were thus clearly stated to the jury, and they were not only plainly but most explicitly told that their first duty was to determine the principal question of liability. The jury (omitting the title of the court and cause) returned the following verdict:

"We, the jurors impaneled in the above case, find *all issues in favor of defendant and against the plaintiff, no cause of action*"— signed by the foreman.

The words in italics were typewritten, while the remaining words were a part of a printed form of verdict. Considerable stress is laid on the word "all" by counsel for defendant. In my judgment, no importance attaches to that word. The legal effect of the verdict would be precisely the same if it read we find "the issues," or if it read merely we find "for the defendant," etc., without saying anything about the issues. Where the jury, merely in general terms, finds for either the plaintiff or defendant, the presumption, nevertheless, prevails that they passed upon the issues presented by the evidence and the instructions of the court, and that they resolved the issues in favor of the party for whom they return their verdict. No other conclusion is permissible where a general verdict is authorized by law and returned by the jury. In the absence of a special finding to the contrary, the presumption is, and in the nature of things must be, that the jury passed upon all the material issues which were covered by the general verdict. The principal issues in this case were: (1) Was the defendant guilty of negligence which was the proximate cause of the injury? (2) Was the plaintiff guilty of contributory negligence directly causing or contributing to his injury? And (3) did he assume the risk?

If the jury found no negligence on the part of the defendant, or if they found such negligence but further found that the deceased was guilty of contributory negligence as aforesaid, or that he assumed the risk, then, in either event, their verdict must have been in favor of the defendant. The question of damages was not one of the issues involving liability, but could only be considered after the liability was established.

To hold otherwise than in accordance with the presumption that the jury passes upon all material issues covered by a general verdict is to unsettle rather than to settle the matters in controversy between the parties litigating. In this case, therefore, it must be assumed that the jury found the material issues, that is, the material facts, against the plaintiff and hence returned a verdict of no cause of action. It is utterly immaterial who wrote the verdict. The verdict whoever wrote it, is nevertheless the verdict of the jury, and of no other agency. It would be violative of every rule of law to assume that the jury arrived at a conclusion other than that manifestly implied in the verdict. Here the implication is one of law and is precisely as though it were expressed. To assume otherwise is to destroy the effectiveness of verdicts, and leave the contested matters still open and unsettled.

In view of the foregoing presumptions, all the courts, so far as I am advised, hold that where, in an action, it is sought to recover damages against a defendant and the jury returns a general verdict in his favor, error cannot be predicated upon an erroneous instruction relative to the measure or recovery of damages, nor upon the erroneous exclusion or admission of evidence relating to that subject. The following cases are all directly in point, namely: *Ewalt v. Garnett* (1914) 180 Mo. App. 614, 163 S. W. 943; *People's Ice & Fuel Co.* v. *Serat* (1915) 46 Okl. 762, 149 Pac. 870; *Pulliam* v. *Schimpf*, 109 Ala. 179, 19 South. 428; *Sterling* v. *City of Detroit*, 134 Mich. 22, 95 N. W. 986; *Scheel* v. *City of Detroit*, 130 Mich. 51, 89 N. W. 554, 90 N. W. 274; *Brown* v. *Harris*, 139 Mich. 374, 102 N. W. 960; *N. & M. Friedman Co.* v. *Assurance Co.*, 133 Mich. 112, 94 N. W. 757; *Hammond* v. *Porter*, 150 Mich.

328, 114 N. W. 64; *Gracy* v. *The Atlantic C. L. Ry. Co.*, 53
Fla. 350, 42 South. 903; *Oppenheimer* v. *Denver & R. G. Ry.
Co.*, 9 Colo. 320, 12 Pac. 217; *Wilhelm* v. *Donegan*, 143 Cal.
50, 76 Pac. 713; *Yates* v. *New York C. & H. R. R. Co.*, 67
N. Y. 100; *Enright* v. *City of Atlanta*, 78 Ga. 288; *Thorp* v.
*Western U. Tel. Co.*, 84 Iowa, 190, 50 N. W. 675; *Morawetz*
v. *McGovern*, 68 Wis. 312, 32 N. W. 290; *Tonini* v. *Cevasco*,
114 Cal. 266, 46 Pac. 103. To the same effect is the decision
in the case of *Rogers* v. *Railroad*, 32 Utah, 367, 90 Pac. 1075,
125 Am. St. Rep. 876.

In *Ewalt* v. *Garnett, supra*, the court, in passing upon a
question like the one involved here, in the course of the
opinion said:

"The only other assignment of error, and which is earnestly
pressed, pertains to an instruction, given at the defendant's re-
quest, relative to the measure of damages—i. e., as to what the
jury may take into consideration in estimating the value of the
dog. It is unnecessary, however, for us to discuss the propriety
of the giving of this instruction, for the reason that, since the jury
found the issues in favor of defendant, thereby finding that de-
fendant was not liable for the killing of plaintiff's dog it is imma-
terial as to how they were instructed with respect to estimating
the value of the dog in case they should find a verdict for the
plaintiff. This instruction could only be of consequence  *  *  *
in the event that the issue of liability were resolved in favor
of the plaintiff."

In *Pulliam* v. *Schimpf, supra*, the law is stated in the head-
note thus:

"Where the verdict establishes that the plaintiff is not entitled to
recover at all, errors  *  *  *  relating to the measure of damages,
are not available to reverse the judgment."

In *People's Ice & Fuel Co.* v. *Serat, supra*, the court, in
passing upon the question now under consideration, said:

"If there was error in admitting or excluding evidence, or in
failing to give the requested instructions, or in giving others
improperly stating the law as to the measure of damages, the
substantial rights or defendant could have been in no way preju-
diced thereby. The verdict was a general one for plaintiff, and
necessarily determined primarily that there was no breach of
warranty. There being no such breach, the question of the meas-
ure of the damages alleged to have been occasioned thereby was
never reached by the jury and could not have been properly con-

sidered by it"—citing numerous cases in support of this state-
ment.

The only difference between that case and the case at bar
is that in that case the damages referred to arose on defend-
ant's answer, and the jury having found the issues generally
for the plaintiff with respect to the answer, it was held that
the finding necessarily included the issue respecting the al-
leged warranty out of which the alleged damages arose.

The case of *Scheel* v. *City of Detroit, supra,* was an action
for damages for personal injuries predicated upon the al-
leged negligence of the defendant. There, as here, it was
asserted that the court erred in giving "instructions upon
the measure of damages. * * *" The court, in passing
upon that question, said:

"Naturally, the first question for the jury to determine would
be: Was the defendant negligent? If they found this question in
the negative, it would be unnecessary for them to consider any
other branch of the case. A determination that there was no neg-
ligence on the part of the defendant is conclusive of all the other
questions in the case, and renders it unnecessary to consider the
alleged error."

In *Oppenheimer* v. *Denver & R. G. Ry. Co., supra,* it is
said:

"The objections taken to the instructions of the court need
not be considered. That portion of the charge to which they are
taken concerns the measure of damages, and was for the guidance
of the jury only in case they should find that the plaintiff was
entitled to recover."

It was accordingly held that inasmuch as the jury had
found against the plaintiff, any error in the instructions re-
specting the measure of damages was harmless.

*Zimmerman* v. *Denver Tramway Co.,* 18 Colo. App. 486,
72 Pac. 609. In that case the court said:

"The jury having found upon the main issue that the plaintiff
* * * was not entitled to recover," therefore the charge respect-
ing damages had no office to fulfill.

In *Conant* v. *Jones,* 120 Ga. 568, 48 S. E. 234, the court
stated the rule as follows:

"Where the jury find for the defendant, the plaintiff cannot have

been hurt by any error in the court's instructions as to the measure of damages."

In *Douglass* v. *Agne*, 125 Iowa, 67, 99 N. W. 550, it is said:

"Complaint is made of the meagerness of the instructions on measure of damages. As the verdict was for defendant, the plaintiff could not have been prejudiced by these alleged defects."

In *Lasure* v. *Graniteville Mfg. Co.*, 18 S. C. 275, the court observed:

"In cases of this kind, there are always two questions, first, whether the plaintiff has made a case entitling him to recover any damages, and if so, second, what is the proper measure of his damages. The two questions are entirely distinct and different, and depend upon different principles."

In *Mensinger* v. *Ainsworth, etc., Co.*, 94 Neb. 465, 143 N. W. 475, the court said:

"The verdict in favor of defendant was necessarily a finding that plaintiff did not comply with his agreement to furnish good, substantial meals, and that he was not entitled to a recovery. The jury, therefore, never reached the question as to the measure of damages."

In *Kimbrell* v. *Louisville & N. Ry. Co.*, 191 Ala. 392, 67 South. 586, the reason is stated thus:

"Since the jury found that the plaintiff was not entitled to recover, any errors respecting the instructions on damages were harmless."

In *Binder* v. *Georgia R. & El. Co.*, 13 Ga. App. 381, 79 S. E. 216, it is said:

"The jury never reached the question of the measure of damages, for they found a verdict generally for the defendant."

In *Green* v. *Streitmatter*, 183 Ill. App. 25, the court held:

"Refusal of instruction on the measure of damages immaterial when the verdict was against appellant."

In *Young* v. *Chandler*, 104 Me. 184, 71 Atl. 652, it is said:

"When a verdict is for the defendant, it must be assumed that the jury were not influenced by any instruction given * * * relating to the measure of damages."

In *Gentile* v. *Boston El. Ry.*, 217 Mass. 113, 104 N. E. 382, the court observed:

"The fourth request related to damages, but as the jury found for the defendant it became immaterial."

In *Chase* v. *Tingdale Bros.*, 127 Minn. 401, 149 N. W. 654, the court said:

"There is a claim of error in an instruction on the measure of damages, and in permitting a witness to testify as to the cost of repairs to the damaged car. As the jury never reached the question of damages, it is plain that there is nothing to decide here."

In *Burns* v. *Herman*, 48 Colo. 359, 113 Pac. 310, the court said:

"Having found for defendants on the question of negligence, the main issue, the part of the charge objected to had no office to fulfill, as the jury did not reach that branch of the case."

In *Ferris* v. *McNally*, 45 Mont. 20, 121 Pac. 889, the court observed:

"Where the jury found against plaintiff on the main issue, the error, if any, in an instruction on damages, was harmless."

In *Gibson* v. *Payne*, 79 Or. 101, 154 Pac. 422, Ann. Cas. 1918C, 383, it is said:

"Plaintiff also assigns error in the instructions as to the measure of damages. The jury not having found in favor of the plaintiff, it is unnecessary to examine this portion of the charge."

In *McNeil* v. *Middlesex & B. St. Ry. Co.*, 233 Mass. 254, 123 N. E. 676, the court said:

" * * * And the exception, relating as it does to the subject of damages, becomes immaterial in view of the jury's finding for the defendant."

In *Shipp* v. *Cartwright* (Tex. Civ. App.) 182 S. W. 70, the rule is stated thus:

"Where a jury find in favor of defendant, the erroneous refusal of a charge on defendant's *right to compensation* for improvements is harmless." (Italics mine.)

*Ott* v. *Press Publishing Co.*, 40 Wash. 308, 82 Pac. 403. In that case the question was not merely one with respect to the measure of damages, but it was one with regard to the right of damages, and the court, nevertheless, held that in view that the finding was for the defendant an erroneous instruction respecting the right to recover damages was harmless.

The following cases are all to the same effect: *McCutcheon* v. *City of Chicago*, 150 Ill. App. 232; *Wofford & Rathbone*

v. *Buchel P. & I. Co.,* 35 Tex. Civ. App. 531, 80 S. W. 1078;
*Feary* v. *Metropolitan St. Ry. Co.,* 162 Mo. 75, 62 S. W. 452;
*Cox* v. *City of Chicago,* 83 Ill. App. 540; *Sunman* v. *Clark,*
120 Ind. 142, 22 N. E. 113; *Strock* v. *Russell,* 148 App. Div.
483, 132 N. Y. Supp. 968; *Rodgers* v. *Tex. & P. Ry. Co.* (Tex.
Civ. App.) 172 S. W. 1117; *French* v. *Miller,* 82 Vt. 91, 71
Atl. 1047.

But quite apart from all that I have said thus far, I am
clearly of the opinion that the judgment should prevail for
another reason. The language of the instruction which is
condemned in the prevailing opinion is that part which I
have italicized and in which the jury are told that in order
to allow damages they *"must find from the evidence in this
case that the deceased recognized that obligation to contribute
to the support of said minors* and in fact did contribute to
their support.'' As will be observed, it is conceded in the
prevailing opinion that actual contributions for the support
and maintenance of the children were necessary in view of
the circumstances of the case so far as they are disclosed by
this record. But it is insisted that the law did not require
the deceased to recognize the obligation to contribute to their
support, it being sufficient, it is insisted, if he in fact did con-
tribute. I cheerfully, once for all, concede that the language
of the instruction is not happily chosen. Nay, more, that the
words I have italicized should all have been omitted there-
from. But even though that be so, yet the instruction is not
prejudicial as I construe it. All that is in effect said in the
instruction is that the deceased must have recognized the ob-
ligation due to his children and that he must actually have
contributed to their support in order to enable the plaintiff
to recover substantial damages for their benefit. To put it
in another way, it merely means that it would have been
quite immaterial that the deceased recognized the obligation
to contribute, if in fact he did not actually contribute to the
support of the minors. While the words respecting the ob-
ligation are superfluous, yet they are not necessarily of that
character which would vitiate the instruction. Indeed, when-
ever the deceased did in fact contribute to the support of his

minor children, he, ipso facto, must have recognized his obligation to do so, and if he had merely recognized the obligation without contributing anything, it would be unavailing as a basis for damages. In addition to the foregoing, it may be said that in all cases there, in one sense, must be a recognition of the duty. That is necessarily apparent from the fact that if a father, or the person upon whom is cast the duty to contribute to the support of the complaining individual, should merely voluntarily make an occasional present or gift to such individual and it clearly appeared that such gift was not intended as a contribution for support, then such individual, as a matter of law, cannot recover compensatory damages. As such he was not damaged, except in case that the deceased person were his parent and then he could recover nominal damages merely. This rule has often been applied in cases of dependency, and no one longer questions it. If therefore the instruction is fairly read and applied, it is plain that it could not have misled a jury of ordinary intelligence. I have not the slightest hesitation in stating that if any jury anywhere had found the issues in favor of the plaintiff they would necessarily have found such damages in view of the evidence as in their judgment the plaintiff was entitled to.

There is, however, still another reason which to my mind is conclusive why the judgment should not be reversed in this case. The court instructed the jury in express terms that if they found "from the evidence that the plaintiff is not entitled to recover, that is, that the accident happened without any fault or negligence on the part of the defendant, or that negligence on Peter Peterson's (the deceased's) part proximately contributed to bring about the accident, or that he assumed the risk as defined in these instructions, *then and in that event you will entirely disregard the instructions which I have given you on the measure of damages."* (Italics mine.)

From a mere cursory examination of all the authorities, many of which I have cited, it is apparent that all courts hold that when, in a negligence case, the jury returns a verdict in favor of the defendant, the presumption is that their

finding was based upon the issue respecting negligence and that the jury did not reach or consider the question of damages at all, and hence any error regarding the latter question is necessarily harmless. The case at bar, however, is much stronger, in that the court in express terms charged the jury that there were three questions for them to determine, and if they found the first one in favor of the defendant, or if they found either one of the other two against the deceased, then they should not consider the question of damage at all. Can any one at this late day question the rule of law that it is presumed that the jury followed the instructions given by the court? The presumption, therefore, is that the jury followed the court's instructions and had no occasion to consider the charge respecting damages at all.

In addition to all that, there is still another unanswerable reason why the judgment should stand in this case. The instruction complained of is not one which related to any material issue in the case. It was merely intended as a guide to the jury in case they found the material issues in favor of the plaintiff, and unless they found those issues in his favor the instructions respecting damages was entirely without force or effect. The instruction was directed merely to a subsidiary question and one which could not arise until and unless the material issues were determined in favor of the plaintiff. By the majority opinion the instruction is, however, treated as though it related to an issue which necessarily had to be determined before the jury could arrive at a verdict upon the merits.

Again, the majority opinion proceeds upon the hypothesis that error is assumed merely because the court erred in charging upon a matter which, as I have shown, is subsidiary merely to the principal issues, and which the jury, under the instructions of the court, could not consider until they had disposed of the principal issues. In order to reverse the judgment it must be assumed, therefore, that the jury disregarded both the law and the instructions and based their verdict upon a matter not to be considered until they had first determined the principal issues. I am utterly unable

to understand how this court can ignore both the presumption and the court's express direction in order to reverse the judgment. It certainly is the law that a judgment is presumed to be correct until the contrary is made to appear from the face of the record. In this case that presumption is not only overcome, but it is directly to the contrary.

Moreover, the rule laid down in this case also is contrary to the rule which is now firmly established in this court, namely, that no judgment may be reversed unless it is made to appear that the party complaining has been prejudiced in a substantial right. If, as the courts all hold, the presumptions prevail (1) that the jury has followed the instructions, and (2) that, in case the jury finds against the plaintiff, error in the admission or exclusion of evidence or respecting instructions on the question of damages are harmless and do not authorize a reversal, how, in view of this record, can a reversal be justified? It is, however, suggested that the cases I have cited merely refer to the measure and not to the right to recover damages. While it is true that in many of the cases cited the term "measure of damages" is used, yet it is also true that not in a single case is that distinction made, but all the decisions are based upon the fact, and it is so stated in the opinions, that the jury generally found in favor of the defendant. I have cited cases, however, where the alleged error was respecting the right to recover damages but in which the courts made no distinction. Nor would such a distinction be sound for the simple reason that in view that if the jury found the principal issues in favor of the defendant the question respecting the right to recover damages as well as that of the measure of damages could not have arisen.

A further reason why the plaintiff suffered no substantial injury is made to appear from the evidence. The substance of all of the evidence is certified to this court and is set forth in the prevailing opinion. How it would be possible to determine any amount in excess of nominal damages from that evidence I cannot conceive. There is nothing shown upon which to base a finding of substantial damages. There is nothing shown respecting the earning capacity of the de-

Certiorari. Award Affirmed.

ceased, nor what he earned. Indeed, there are no facts from which any intelligent conclusion respecting substantial damages can be drawn. Why reverse a judgment under such circumstances?

I have gone into these matters at length for the reason that the decision of the majority of the court in this case again sets at large a question that I assumed was thoroughly settled in this court, namely, that although error appears, yet, if upon the whole record it further appears that the error did not affect a substantial right of the party complaining, the judgment must stand. How in this case can it be said that the plaintiff was injured in a substantial right when the jury found that he was not entitled to recover at all?

The judgment should be affirmed.